[No. E045149. Fourth Dist., Div. Two. June 5, 2009.]

[CERTIFIED FOR PARTIAL PUBLICATION†]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD HENRY CANTRELL, Defendant and Appellant.

†Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts 3. and 4.

1162

**COUNSEL**

Mark Yanis, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., Karl T. Terp and Lynn McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GAUT, J.—

### 1. Introduction[1]

A jury convicted defendant of one count of first degree residential burglary and one count of attempted second degree robbery. (§§ 459, 664, 211.) Defendant admitted two prior convictions from June 1982 and April 1997. (§ 667.5, subd. (b).) The court sentenced defendant to a total sentence of nine years in prison.

On appeal, defendant argues the court erred in denying his motion for new trial. Defendant challenges CALCRIM No. 223 and his two-year sentence on count 2. We affirm the judgment with directions.

### 2. Facts

Juan Martinez testified he met defendant and his girlfriend panhandling outside a restaurant. Defendant said they were homeless and hungry and Martinez bought them some food. Martinez returned to his nearby hotel room and retired for the night. Martinez saw defendant again the next day at a coffee shop. About an hour later, defendant knocked on Martinez's hotel room door. Martinez opened the door and defendant hit him in the face several times, causing Martinez to fall down. Defendant demanded money and began throwing items around the room. He grabbed Martinez's wallet and emptied it on the bed. The wallet contained credit cards but no money. The incident lasted a few minutes.

Martinez called the 911 operator and the police responded immediately. Martinez's face was bruised and bleeding. The police, with Martinez accompanying them, found defendant at a bus stop across the street from the hotel.

Martinez denied having told the police that he had dinner and drank beer with defendant and his girlfriend before going back to his hotel room together. He admitted to having a prior felony drug conviction and conviction for vandalizing property in his own home.

Defendant did not testify.

### 3., 4.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All statutory references are to the Penal Code.

[*]See footnote, *ante,* page 1161.

## 5. Sentence on Count 2

On the first count for residential burglary, the court sentenced defendant to four years, doubled to eight years. The court also sentenced defendant to one year consecutive for a prior prison term. Thus, defendant's total prison sentence on count 1 was nine years.

On count 2 for attempted robbery (§§ 211, 664), the trial court pronounced the imposition of sentence somewhat incoherently as "one year consecutive doubled, but that will be stayed pursuant to 654." The minute order recites: "As to Count 2, the Court imposes the LOW term of 1 years and 0 months. 654 PC stay GRANTED on Count (s) 2." The abstract of judgment records the sentence on count 2 as the low term stayed under section 654.

■ The court erred in its oral pronouncement because the correct sentence for the low term on count 2 was 16 months, not one year. (§ 18.) Furthermore, even if the term is doubled, it cannot be both consecutive and stayed simultaneously because the two are mutually exclusive.

Defendant argues that, because the subordinate term is stayed, under section 1170.1, the sentence on count 2 should be one-third of the middle term of two years. Calculated in that style, the sentence on count 2 would be a term of eight months doubled to 16 months. The People contend that the court should have imposed the low term of 16 months doubled to 32 months and stayed. We agree with the People.

Section 654 required the court to impose the sentence on count 1 with the longest term. (*People v. Kramer* (2002) 29 Cal.4th 720, 723–725 [128 Cal.Rptr.2d 407, 59 P.3d 738].) The term on count 2, which is subject to section 654, is stayed. (*Kramer*, at p. 725; *People v. Dominguez* (1995) 38 Cal.App.4th 410, 420 [45 Cal.Rptr.2d 153]; *People v. Le* (2006) 136 Cal.App.4th 925, 932 [39 Cal.Rptr.3d 146].) *Le*, cited by defendant, does not hold any differently. It states only that a sentence should be stayed rather than consecutive. (*Le, supra*, at p. 932.)

■ The one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not a sentence stayed under section 654. If count 1 should ever be invalidated, a stayed sentence of 32 months, rather than 16 months, on count 2 will ensure that defendant's punishment is commensurate with his criminal liability. (*People v. Kramer, supra*, 29 Cal.4th at p. 723.) Furthermore, the imposition of a "consecutive" and "stayed" sentence would be meaningless because the stayed sentence would only operate if the principal count were eliminated. Therefore, a stayed sentence cannot be consecutive to a principal sentence.

## 6. Disposition

 We may correct an unauthorized sentence. (*People v. Smith* (2001) 24 Cal.4th 849, 852 [102 Cal.Rptr.2d 731, 14 P.3d 942].) We order the abstract of judgment corrected to reflect a sentence of 32 months stayed under section 654. Otherwise, the judgment is affirmed.

Richli, Acting P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 12, 2009, S174530. Moreno, J., and Corrigan, J., did not participate therein.