Filed 4/29/14  P. v. Washington CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES CHARLES WASHINGTON,<br><br>    Defendant and Appellant. | C073065<br><br>(Super. Ct. No. 12F02117) |

A jury found defendant James Charles Washington guilty of second degree robbery, receiving stolen property, and possessing a smoking device.  The trial court found true allegations that he had a prior serious felony conviction and a strike and had served two prior prison terms.  Defendant was sentenced to prison for 17 years, consisting of twice the upper term of five years for robbery plus five years for the prior serious felony and two years for prior prison terms.  The court imposed a one-third

1

consecutive term on the receiving stolen property charge and stayed that term pursuant to Penal Code section 654.[1]

Defendant contends, and the People concede, the conviction for receiving stolen property must be reversed because he cannot be convicted of both robbery of marijuana and receiving the same stolen property. We agree.

FACTS

In March 2012, Michael High and Edward Buchner were involved in a cooperative that grew medical marijuana.[2] On March 22, 2012, High and Buckner traveled from Shasta County to Sacramento to sell marijuana to a man called Los, whom High had met on a previous occasion. High and Buckner brought with them two and one-half pounds of marijuana, which was packaged in plastic bags inside a backpack. The marijuana was worth approximately $6,250.

High and Buckner arrived in Sacramento around 2:00 a.m. and contacted Los, who directed them to an apartment complex on Mack Road. When the duo arrived at the complex, Los came out to their truck and spoke to them. Defendant then came up behind Los and gestured to High to be quiet. Defendant grabbed Los under the armpits, lifted him up, and started yelling at Los, saying, " 'I'm going to pop you' " and " 'What the hell are you guys doing out here?' " Defendant then placed his hand on High's chest and asked, " 'What are you doing out here? Who are you?' " When High responded that he did not want any problems, defendant pushed harder upon High and asked, " 'You want to get popped?' " and " 'Do you want to fucking die tonight?' " Defendant had one hand

---

**1**      Although the parties agree that the judgment on this count must be reversed, we note that the sentence imposed on this count was not correct because a term stayed pursuant to Penal Code section 654 must be a full term, not a one-third consecutive term. (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.) Further statutory references are to this code.

**2**      High and Buchner testified under grants of immunity.

2

in his pocket and gestured as if he had a gun.  Los questioned Buckner to confirm that he did not have a gun.  Defendant or Los reached into the truck and grabbed the backpack.  Defendant and Los then fled in separate directions.

High followed Los and saw him enter apartment 151.  High knocked on the apartment door and an elderly woman answered the knock.  Los fled out of the apartment, ran toward some vehicles, and threw the backpack onto a vehicle.

High retrieved the backpack and perceived that it was unusually heavy.  When he opened the backpack he saw that his marijuana had been replaced by couch cushions.  High returned to apartment 151 and spoke to the elderly woman who confirmed that the cushions belonged to her.  High returned to Buchner's truck and called the police.

Earlier in the evening, defendant, Los, Sandria Hampton-Nichols, and others had been in apartment 151, which belonged to a woman named Mary Ann.  Over the course of the evening, defendant and Los had left the apartment several times.  On one occasion, when they had been gone for some time, Los banged on the door and said, " 'Open the door.  Open the door.  He has a gun.' "  When Mary Ann opened the door, Los ran in carrying a backpack that he set on a coffee table.

Los went into the kitchen, ran back out, grabbed the backpack and ran out of the apartment.  Two to three minutes later, a white man knocked on the door of the apartment.  When Mary Ann opened the door, the man tried to push his way into the apartment and said, " 'Where is Los?' "  When Mary Ann blocked his entry, the man said he was going to call the police.

Approximately five minutes later, defendant returned to the apartment and asked, " 'What's going on?' "  After the occupants described what had occurred, defendant again left the apartment.  Hampton-Nichols and Mary Ann then went to Hampton-Nichols's apartment, number 145.

3

At some point, the police came to Hampton-Nichols's apartment and, with her consent, they searched it. Inside they found defendant and the stolen marijuana. A glass crack pipe was found in the pocket of defendant's pants.

After being advised of his constitutional rights, defendant initially denied involvement in the robbery but later claimed that he had taken a portion of the marijuana from apartment 151.

## DISCUSSION

Defendant contends, and the People concede, his conviction of receiving stolen property must be reversed because he cannot be convicted of both robbery (theft of the marijuana by force and fear) and receiving the same marijuana as stolen property.

Section 496, subdivision (a), provides in relevant part: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. . . . [¶] A principal in the actual theft of the property may be convicted pursuant to this section. However, *no person may be convicted both pursuant to this section and of the theft of the same property*." (Italics added.)

When the defendant is convicted of stealing and receiving the same property, the receiving conviction must be reversed and the theft conviction affirmed. (*People v. Ceja* (2010) 49 Cal.4th 1, 6.) We shall reverse defendant's receiving conviction and order the trial court to enter dismissal of that count.

## DISPOSITION

Defendant's conviction of receiving stolen property is reversed and the trial court is ordered to enter dismissal of that count. In all other respects, the judgment is affirmed.

4

The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


      ROBIE      , J.


We concur:


      RAYE      , P. J.


      BUTZ      , J.