Filed 5/28/14  P. v. Ornelas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT JAMES ORNELAS,<br><br>    Defendant and Appellant. | C071976<br><br>(Super. Ct. No. 62112831) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we remand to the trial court to modify the term imposed and stayed (Pen. Code, § 654) on defendant's conviction in count two. We further direct that the trial court impose the court facilities assessment and court security fee on each of defendant's convictions.  We otherwise affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2010, while on patrol, Placer County Sheriff's Deputy Ben Glau pulled into a parking lot and observed a white van pulling into the same lot. The white van stopped in a parking space; Glau stopped as well. As Glau got out of his car, defendant, who had been driving the white van, approached him and asked, "What did I do wrong?" Glau noticed defendant showed signs of intoxication: he was unsteady on his feet and his speech was slow and slurred. Glau also smelled alcohol emanating from defendant. Glau asked defendant if he had been drinking. Defendant admitted to drinking five beers over a two-hour period. Glau contacted the California Highway Patrol to investigate.

California Highway Patrol Officer Richard Cruz arrived on the scene and noted that defendant appeared to be intoxicated. Defendant admitted to Officer Cruz that he drank five beers over a period of two and a half hours, and confirmed he was driving the white van. Cruz then conducted field sobriety tests on defendant, the results of which indicated defendant was under the influence of alcohol. An initial breathalyzer test recorded defendant's blood-alcohol level at .174 percent. Officer Cruz repeated the breathalyzer test two minutes later and the test recorded defendant's blood-alcohol level at .170 percent. Defendant was arrested for driving under the influence of alcohol.

After he was arrested, defendant opted for another breath test to determine his blood-alcohol level. He was thus tested twice more approximately one hour after the first two tests were completed, and both tests showed defendant had a blood-alcohol level of .14 percent. Officer Cruz also learned defendant's driving privileges were suspended.

Eighteen months later, Glau was on patrol in the same area when he saw a van cross over double yellow lines in the road and pull into the same parking lot. Glau pulled up behind the van, made contact with defendant, and asked for his driver's license. Defendant told Glau his license was suspended. Glau confirmed the suspension and issued defendant a citation.

Defendant was ultimately charged with: (1) driving under the influence of alcohol (DUI) after having been convicted of a felony DUI within the past 10 years (Veh. Code, §§ 23152, subd. (a), 23550.5 -- count one), (2) driving with a blood-alcohol level of .08 percent or higher, after having been convicted of a felony DUI within the past 10 years (Veh. Code, §§ 23152, subd. (b), 23550.5 -- count two), and (3) two counts of driving with a license suspended for a prior conviction of driving under the influence (Veh. Code, § 14601.2, subd. (a) -- counts three and four).

As to counts one and two, it was further alleged that defendant drove a vehicle with a blood-alcohol level of .15 percent or higher, in violation of Vehicle Code section 23578, and that defendant had suffered three DUI convictions within 10 years of the current offenses (Veh. Code, § 23550). It was also alleged defendant served a prior prison term. (Pen. Code, § 667.5, subd. (b).)

Pursuant to Penal Code section 1538.5, defendant moved to suppress evidence obtained during the driving under the influence arrest. The trial court denied defendant's motion.

Following a jury trial, defendant was found guilty on all counts. In bifurcated proceedings, the jury found true the allegations of defendant's prior convictions for driving under the influence, and that defendant's license suspensions in counts three and four were because of a prior DUI conviction. In a later proceeding, the trial court found true the allegation that defendant previously served a term in prison.

The trial court sentenced defendant to the upper term of three years for the DUI conviction (count one). The court added an additional year for the prior prison term enhancement. The trial court also sentenced defendant to eight months (one-third of the middle term) for driving with a blood-alcohol level at or above .08 percent (count two), stayed pursuant to Penal Code section 654, and to two concurrent six-month terms for driving with a suspended license (counts three and four). Defendant was awarded 282

days' credit for actual time served and 282 days' conduct credit, for a total of 564 days of credit. (RT 403; CT 237-238)

The trial court ordered defendant to pay a restitution fine of $800 (Pen. Code, § 1202.4), and stayed a parole revocation fine of $800 (Pen. Code, § 1202.45). Defendant appealed.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

## DISCUSSION

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant. However, we have found two sentencing errors.

### A. Imposition of Stayed Term on Count Two

The trial court appropriately stayed the sentence on count two, driving with a blood-alcohol level at or above .08 percent. However, the term the court imposed and stayed was eight months, one-third the midterm. This was an error. "The one-third-the-midterm rule of [Penal Code] section 1170.1, subdivision (a),[1] only applies to a

---

[1] Penal Code section 1170.1, subdivision (a) provides in pertinent part: "Except as otherwise provided by law, *and subject to Section 654*, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of

4

consecutive sentence, not a sentence stayed under [Penal Code] section 654." (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.) If the conviction on count one were ever invalidated, a full sentence on count two would ensure that defendant's punishment is commensurate with his criminal liability. (*Ibid.*) "Furthermore, the imposition of a 'consecutive' and 'stayed' sentence would be meaningless because the stayed sentence would only operate if the principal count were eliminated. Therefore, a stayed sentence cannot be consecutive to a principal sentence." (*Ibid.*) Accordingly, the court must modify its sentence on count two.

### B. Court Facilities Assessment and Court Security Fee

The trial court failed to impose the mandatory $30 court facilities assessment on each conviction pursuant to Government Code section 70373, subdivision (a)(1), as well as the mandatory $40 court security fee on each conviction pursuant to Penal Code section 1465.8. Accordingly, the trial court is directed to modify the judgment to include a $120 court facilities assessment and a $160 court security fee.

### DISPOSITION

This matter is remanded for the trial court to select and impose a full sentence on count two and to stay execution of that sentence pursuant to Penal Code section 654. The court is directed to impose a court facilities assessment of $120 ($30 per conviction) pursuant to Government Code section 70373, subdivision (a)(1), and a court security fee of $160 ($40 per conviction) pursuant to Penal Code section 1465.8.

the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (Italics added.)

The trial court is then directed to prepare an amended abstract of judgment reflecting these modifications and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                                           MURRAY       , J.


We concur:


       NICHOLSON     , Acting P. J.


       DUARTE       , J.