Filed 10/24/14  P. v. Winston CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID WINSTON,<br><br>    Defendant and Appellant. | D066681<br><br><br>(Super. Ct. No. RIF1300562) |

APPEAL from a judgment of the Superior Court of Riverside County, Charles J. Koosed, Judge.  Affirmed as modified.

Corona & Peabody and Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and James H. Flaherty III, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted David Winston of one count of robbery (Pen. Code,[1] § 211); two counts of false imprisonment (§ 236) and one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1)). The jury also found true an allegation that Winston used a firearm in the commission of the robbery and false imprisonments (count 2, § 12022.53, subd. (b); count 4, § 12022, subd. (a)(1); count 6, § 12022.5).

Winston admitted he suffered four prison priors (§ 667.5, subd. (b)) and one strike prior (§ 667, subds. (b)-(i)). The court sentenced Winston to a determinate term of 31 years in prison.

Winston appeals contending the trial court erred in instructing the jury regarding the significance of recent possession of stolen property with CALCRIM No. 376. He contends the portion of the instruction which permits corroboration with "slight evidence" lessens the prosecution's burden of proof. He also contends the abstract of judgment must be amended to correct error in the application of section 654. We will join the chorus of courts which have soundly rejected the same challenge to the jury instruction. We agree with Winston's position that the stayed sentence on count 6 was improperly imposed as consecutive, but stayed. We agree with Winston's contention that the issue of whether the trial court properly stayed the $10 crime prevention fine has been forfeited by failure to raise it in the trial court. We will order the abstract of judgment modified with regard to count 6, and order the $10 fine be stayed. Otherwise, we affirm the balance of the judgment.

---

1    All further statutory references are to the Penal Code unless otherwise specified.

2

STATEMENT OF FACTS[2]

On the morning of January 15, 2013, pharmacist James Chvat opened the Nuevo Pharmacy. Shortly after that, Winston came into the store, pointed a pistol at Chvat and ordered him to get on the floor. Winston bound the victim's hands with a cord and demanded access to the store's controlled substances. Other robbers then came into the store.

About the same time, customer Elvia Paramo walked into the store. She was taken to the back of the store and her hands were bound with zip ties. She was placed on the floor next to Chvat.

The robbers took about $4,000 worth of drugs, Chvat's wallet and $800 in cash.

With the assistance of Chvat and a witness who saw the robbers leave the store, and the store video, police were able to identify the getaway car and identify Winston as the first robber. Police then arrested Winston.

At the time of his arrest, Winston had a Nuevo Pharmacy pill bottle in his pocket.

A search of the getaway car and Winston's home produced Winston's fingerprints on the car. Police discovered the hat worn by the first robber as well as surgical gloves, zip ties, ski masks and several Nuevo Pharmacy pill bottles.

---

[2] Winston does not challenge either the admissibility or the sufficiency of the evidence to support his convictions. Accordingly we will set forth only a summary of the facts of the offenses.

DISCUSSION

I

*CALCRIM NO. 376*

Winston contends the court erred in instructing the jury pursuant to CALCRIM No. 376 in that it could draw an inference of guilt of robbery if it found Winston was knowingly in possession of recently stolen property taken from that robbery. He specifically argues the instruction's use of the term "slight evidence" to corroborate the inference lessened the prosecutor's burden of proof. Winston seeks to distinguish numerous cases which have held the use of the instruction does not lessen the burden of proof, contending they did not consider his new argument that the use of the word "slight" rendered the instruction invalid. Respectfully, the argument is not new and has been properly rejected by the California courts.

A. Background

At the completion of the trial, without objection, the court gave CALCRIM No. 376. The instruction stated:

> "If you conclude that a defendant knew he possessed property and you conclude that the property had in fact been recently stolen, you may not convict the defendant of robbery based on those facts alone. However, if you also find that supporting evidence tends to prove his guilt, then you may conclude that the evidence is sufficient to prove he committed robbery.
>
> "The supporting evidence need only be slight and need not be enough by itself to prove guilt. You may consider how, where, and when the defendant possessed the property, along with any other relevant circumstances tending to prove his guilt of robbery.
>
> "Remember that you may not convict a defendant of any crime unless you are convinced that each fact essential to the conclusion

4

that the defendant is guilty of that crime has been proved beyond a reasonable doubt."

## B.  Standard of Review

The parties agree that appellate review of the language of a jury instruction is de novo.  We review the instruction, however, in light of the entire charge to the jury.  (*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574.)

When we review a challenge to an instruction, we "assume that the ' " 'jurors [are] intelligent persons and capable of understanding and correlating all jury instructions . . . given.' [Citation.]" [Citation.]'  Instructions should be interpreted, if possible, to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation."  (*People v. Lopez* (2011) 198 Cal.App.4th 698, 708 (*Lopez*).)

## C.  Analysis

CALJIC No. 215 is the predecessor to CALCRIM No. 376.  In *Lopez, supra,* 198 Cal.App.4th at page 709, footnote 7, the court described the relationship to CALCRIM No. 376.

> "CALJIC No. 215 informed the jury that, before a defendant's guilt could be inferred from his or her possession of recently stolen property, 'there must be corroborating evidence tending to prove the defendant's guilt.  However, this corroborating evidence need only be slight, and need not by itself be sufficient to warrant an inference of guilt.' (CALJIC No. 2.15.)  As can be seen, CALCRIM No. 376 uses the term 'supporting evidence,' in place of 'corroborating evidence.' "

The relationship of the two instructions is important because courts have routinely upheld CALJIC No. 215 as not violating due process and not reducing the prosecution's burden

of proof.  (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 188-189; *People v. Gamache* (2010) 48 Cal.4th 347, 376; *People v. Snyder* (2003) 112 Cal.App.4th 1200, 1226; *People v. Williams* (2000) 79 Cal.App.4th 1157, 1173.)

A recent discussion of CALCRIM No. 376 is found in *Lopez, supra,* 198 Cal.App.4th at pages 708-712.  The court in *Lopez* again found the principles of CALJIC No. 215 and CALCRIM No. 376 to be valid.  The court found CALCRIM No. 376 did not violate due process nor did it lessen the prosecution's burden of proof.  We find the court's discussion of this jury instruction persuasive and find it compels rejection of Winston's arguments.

Winston seeks to distinguish the unbroken string of California case law upholding the use of CALCRIM No. 376 and its predecessor CALJIC No. 215.  He contends the use of the word "slight" in defining the quantum of "supporting evidence" is required in the instruction.  Winston is not correct.  The use of the term "slight" has been repeatedly upheld, most recently in *Lopez, supra,* 198 Cal.App.4th 698.  There the court specifically addressed the use of the term "slight."  It said:

> "With respect to CALCRIM No. 376's predecessor, the appellate court in *People v. Snyder* (2003) 112 Cal.App.4th 1200 (*Snyder*), held that 'CALJIC No. 2.15 does not create an improper presumption of guilt arising from the mere fact of possession of stolen property, or reduce the prosecution's burden of proof to a lesser standard than beyond a reasonable doubt.  Rather, the instruction "relates a contrary proposition:  a burglary . . . may not be presumed from mere possession unless the commission of the offense is corroborated."  [Citation.]  The inference permitted by CALJIC No. 2.15 is permissive, not mandatory.  Because a jury may accept or reject a permissive inference "based on its evaluation of the evidence, [it] therefore does not relieve the People of any burden of establishing guilt beyond a reasonable doubt."  [Citation.]  Requiring

6

only "slight" corroborative evidence in support of a permissive inference, such as that created by possession of stolen property, does not change the prosecution's burden of proving every element of the offense, or otherwise violate the accuser's right to due process unless the conclusion suggested is not one that reason or common sense could justify in light of the proven facts before the jury. [Citations.]' [Citation.]

"Similarly here, CALCRIM No. 376 makes it quite apparent that the 'slight' supporting evidence is not to be considered in isolation, but together with all of the other evidence for purposes of determining whether there is proof beyond a reasonable doubt that the defendant committed robbery. [Citation.] The instruction expressly requires the jury to be 'convinced that each fact essential to the conclusion that the defendant is guilty of that crime has been proved beyond a reasonable doubt.' (CALCRIM No. 376.) Thus, CALCRIM No. 376 does nothing to diminish the prosecution's burden of proof. [Citation.] (See, e.g., *People v. Letner* (2010) 50 Cal.4th 99, 189, 112 Cal.Rptr.3d 746 [CALJIC No. 2.15 contains no suggestion that the jury need not find that all of the elements of the crime have been proved beyond a reasonable doubt].)" (*Lopez, supra,* at p. 711.)

The court in *Lopez* went on to discuss several federal appellate decisions on which

Winston also relies. The court said:

"Nevertheless, appellant insists that a federal case supports his position; he cites to *United States v. Gray* (5th Cir.1980) 626 F.2d 494 (*Gray*). Again, respectfully, we disagree. The case appellant relies on dealt with a conspiracy instruction tied to the substantive element of a conspiracy charge. In *Gray,* the jury was instructed on the elements of conspiracy and then told that ' "[t]he Government need only introduce slight evidence of a particular defendant's participation, once the conspiracy is established, but must establish beyond a reasonable doubt that each member had a knowing, special intent to join the conspiracy." ' (*Id.* at p. 500.) The Fifth Circuit has consistently condemned that instruction, finding that it lowers the reasonable doubt standard. (*Ibid.; U.S. v. Brasseaux* (5th Cir.1975) 509 F.2d 157, 161, fn. 5 and cases cited there.) Here, the issue was whether guilt on a burglary charge may be inferred from the possession of recently stolen property along with other supporting evidence. *Gray* is not analogous or persuasive." (*Lopez, supra,* at pp. 711-712.)

7

As we have indicated we agree with both the holding and the reasoning of the court in *Lopez, supra,* 198 Cal.App.4th 698 and find no error in the use of CALCRIM No. 376 in this case.

II

*THE ABSTRACT OF JUDGMENT*

The record reflects considerable confusion as to whether count 6 and its enhancement should be stayed pursuant to section 654 and if so whether it should be concurrent or consecutive. Ultimately the court imposed an upper term sentence for count 6 and the enhancement. Then, for reasons which are not clear, it ordered the full term for count 6 to run consecutively, although stayed. Winston argues it was error to impose and stay a full term consecutive sentence. We agree.

"[T]he imposition of a 'consecutive' and 'stayed' sentence would be meaningless because the stayed sentence would only operate if the principal count were eliminated. Therefore, a stayed sentence cannot be consecutive to a principal sentence." (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.)

Winston also argues the abstract must be corrected with regard to a $10 crime prevention fine (§ 1202.5). The abstract reflects the $10 fine but does not show that the trial judge ordered it stayed.[3]

---

[3] We admit it is tempting to apply the doctrine of *de minimis non curat lex* to a dispute as to whether a $10 fine can be stayed by the trial court, where the court has imposed a 31-year prison term and a $2,500 restitution fine. We will, however address the issue.

The court found Winston had the ability to pay a restitution fine of $2,500. When the court reached the $10 fine it was confused. Stating he had never heard of this type of fine the trial judge ordered it stayed.

The respondent argues that once the court found Winston had the ability to pay, the fine was mandatory because section 1202.5, subdivision (a) states that once ability to pay has been determined "the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed."

The prosecutor did not object when the court ordered the $10 fine stayed. On appeal, the respondent cites no authority that the court lacks the power to stay the fine. Winston responds that we should treat the respondent's claim of error as forfeited for failure to raise it in the trial court. We agree.

The normal rule applied in appellate review is that a party cannot raise a claim of error, it must be first raised in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Smith* (2001) 24 Cal.4th 849, 852.)

Given that the prosecution did not object to the stay of the $10 fine, and the sparse nature of the briefing on the $10 fine, we order the trial court to amend the abstract of judgment to reflect the $10 was stayed by the trial court.

DISPOSITION

The superior court is directed to amend the abstract of judgment to reflect the sentence for count 6 is concurrent and stayed under section 654. The abstract shall also be amended to reflect the $10 fine under section 1202.5 was stayed by the court. The

9

court shall forward the amended abstract to the Department of Corrections and

Rehabilitation.  In all other respects the judgment is affirmed.


 

 

 

 
_____

HUFFMAN, J.

WE CONCUR:


_____

BENKE, Acting P. J.


_____

NARES, J.