Filed 11/5/14  P. v. Parvin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076261 |
| v. | (Super. Ct. No. 99F3140) |
| JOHN ALAN PARVIN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Alan Parvin asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant filed a supplemental brief.  But this appeal is from the trial court's nonappealable ruling denying, as untimely, defendant's recent motion to modify a sentence imposed more than a decade ago.  We will dismiss the appeal.

1

I

This is defendant's second appeal. In 2002, a jury convicted him of arson of a structure causing great bodily injury (Pen. Code, § 451, subd. (a) -- count 3), arson of an inhabited structure (Pen. Code, § 451, subd. (b) -- count 4), first degree residential burglary (Pen. Code, § 459 -- count 5), and possession of flammable material (Pen. Code, § 453, subd. (a) -- count 6).

The trial court selected arson of an inhabited structure (count 4) as the principal term and sentenced defendant to an indeterminate term of 25 years to life in prison on that count. The trial court stayed the sentences on the other convictions, but imposed a determinate term of 12 years for various enhancements.

In the first appeal, this court reversed defendant's conviction for arson of an inhabited structure, struck a prior prison enhancement, and remanded the matter for resentencing. We incorporate by reference the record in that case. (*People v. Parvin* (Mar. 25, 2003, C040905) [nonpub. opn.].)

The trial court resentenced defendant in 2003, selecting first degree burglary (count 5) as the principal term and sentencing defendant to an indeterminate term of 25 years to life in prison on that count. The trial court stayed the sentences on the other convictions, but imposed a determinate term of 11 years for various enhancements. Defendant did not file a timely appeal after resentencing.

More than a decade later, on February 19, 2014, defendant moved the trial court to modify his sentence pursuant to Penal Code section 1260, claiming the trial court erred in resentencing when it selected a previously stayed term as the new principal term. The trial court denied the motion as untimely. Defendant now appeals from that ruling.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

2

issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief once again arguing that the trial court erred in resentencing when it selected a previously stayed term as the new principal term. Defendant claims the sentence violates Penal Code section 654 and double jeopardy principles and is unauthorized. But those claims are not properly before us.[1]

Once judgment is rendered, the sentencing court is without jurisdiction to vacate or modify the sentence except pursuant to the provisions of Penal Code section 1170, subdivision (d). (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204-1205 (*Turrin*).) Pursuant to that statutory exception, a sentencing court, on its own motion, may recall a sentence and resentence the defendant within the first 120 days of the original commitment. (Pen. Code, § 1170, subd. (d)(1); *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464.) Here, defendant's motion to modify his sentence was filed more than a decade after he was resentenced, and the sentencing court was without jurisdiction to modify his sentence. (See *Turrin*, *supra*, 176 Cal.App.4th 1200; see also *People v. DeVore* (1990) 218 Cal.App.3d 1316, 1318-1319.)

Because the trial court no longer had jurisdiction to recall defendant's sentence when it issued the order denying his motion, denial of the motion could not have affected defendant's substantial rights; thus, the ruling denying the motion to modify sentence is

---

[1] In any event, nothing precludes a sentencing court from selecting a previously stayed sentence as the new principal term when the previously elected principal term has been vacated by appellate decision. (See *People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164 [recognizing that a stayed sentence operates when the formerly designated principal count is eliminated].) " 'Section 654 [of the Penal Code] precludes multiple punishment for a single act or for a course of conduct comprising indivisible acts.' " (*People v. Spirlin* (2000) 81 Cal.App.4th 119, 129.) When this court reversed the conviction for count 4, subjecting defendant to punishment for count 5 no longer constituted multiple punishments for a single act because defendant was no longer being punished for count 4.

not an appealable order and the appeal must be dismissed.  (*People v. Chlad* (1992)
6 Cal.App.4th 1719, 1726; see also *Turrin*, *supra*, 176 Cal.App.4th at p. 1208.)

DISPOSITION

The appeal is dismissed.


                                                     MAURO        , Acting P. J.


We concur:


          MURRAY             , J.


             HOCH               , J.