Filed 8/11/15  P. v. Gao CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B258441 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA090641) |
| v. | |
| XIN GAO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Cathryn F. Bougham, Judge.  Affirmed in part, reversed in part and remanded for resentencing.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General and Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After a trial by jury, defendant Xin Gao was convicted of attempted arson (count 1), second degree burglary (count 2), and misdemeanor vandalism (count 3). He was sentenced to the high term of three years in count 1. The trial court imposed the terms on counts 2 and 3 to run concurrently with count 1. The defendant contends the trial court committed sentencing error on count 2 by failing to stay the burglary term pursuant to Penal Code section 654.[1] The People concede error. We agree. Therefore, we reverse and remand for resentencing only. Otherwise, the judgment is affirmed.

## FACTUAL BACKGROUND

Defendant lost his home in a foreclosure sale. The purchaser obtained an eviction order and posted a notice to vacate. On the evening of August 12, 2013, the San Marino Fire Department responded to the home on a reported smell of gas. Upon arrival, firefighters contacted the defendant who was at the scene. He had red paint on his clothing. The firefighters observed red paint on the exterior walls, doors and window that was still wet. The firefighters unlocked the door with the key defendant provided. They saw no sign of forced entry. The smell of gas was stronger inside the home. Firefighters saw indications of attempted arson: (1) the valve on the gas line to the dryer was open, (2) combustible materials were placed around the home, and (3) a lit candle was placed next to the stove. Additional investigation turned up a used can of red spray paint in defendant's car. Subsequent forensic comparison showed the paint on the home and on defendant's clothing was the same type as the paint from the used can inside the car.

Defendant testified at trial. He owned the home as an investment. However, he was unable to rent it since 2009. On the date of the incident, defendant stated he felt a sudden urge to see the home. He arrived sometime between 8:00 and 9:00 p.m. After unlocking the bottom lock but before he inserted his key into the top lock, the door swung open. This was odd since he had previously locked up the premises. Upon entry,

---

[1] All future undesignated statutory references are to the Penal Code.

2

he saw smoke and noticed a strong smell of gas.  He retreated.  Defendant was unable to find the gas shut-off valve and called 911 from a neighbor's phone.

The jury convicted the defendant as previously indicated.

**Sentencing**

At sentencing, the People argued section 654 did not apply because each offense was a "separate transaction."  Defendant asked for probation.  Alternatively, he argued section 654 barred multiple punishments but under the mistaken belief concurrent sentences would solve the problem.

On August 15, 2014, the trial court sentenced defendant to three years in prison, the high term on count 1.  In choosing that term, the trial court acknowledged defendant was in his 50's and had no prior record.  Despite that, the trial court reasoned, ". . . the facts of this case indicate a complete disregard for human life or human safety.  After [trying to] blow up the property that was in dispute, and it didn't work for some reason, he stood there outside the house and opened the door allowing the firefighters to be introduced to extreme danger and it was just good fortune that no one was hurt.  [¶]  . . . [¶]  . . . [¶]  . . . [¶] So, based on those facts alone, an extensive preparation and planning that he put into committing this crime, the court is going to elect on count 1 [attempted arson], the high term, which is three years."  The trial court continued:  "As to count 2, [burglary], the court elects one-third the midterm, which is eight months."  The trial court ordered the sentences on counts 1 and 2 to run concurrently.

Defendant timely appealed.

## DISCUSSION

A.      *Concurrent Sentences on Counts 1 (Attempted Arson) and 2 (Burglary) Violated Section 654*

Section 654 generally precludes multiple punishments for a single physical act that violates different provisions of law.  (*People v. Jones* (2012) 54 Cal.4th 350, 358.)  It also prohibits separate punishment when several crimes are committed during an indivisible

3

course of conduct. (*People v. Correa* (2012) 54 Cal.4th 331, 336; *People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1377.) Two exceptions are recognized: (1) acts of violence against separate victims and (2) multiple criminal objectives which are independent of and not merely incidental to each other. (*People v. Martin* (2005) 133 Cal.App.4th 776, 781 et seq.) Under section 654, if, as in this case, the attempted arson was the basis of the illegal entry constituting the crime of burglary, absent evidence the defendant entered the home with a separate criminal objective from the attempted arson, he may not be separately punished.**2** (*People v. Williams* (1971) 19 Cal.App.3d 339, 342, 345, 349 [section 654 bars multiple punishment on convictions for arson and second degree burglary based on evidence that the defendant was one of several people who broke into a high school, poured gasoline in the building and lit it on fire.].)

When section 654 applies, the trial court should assess all counts arising out of the same course of conduct, impose sentence on the offense that provides for the longest potential term, then impose and stay execution of sentence on all other counts, with the stay to become permanent upon the completion of the term not stayed. (*People v. Duff* (2010) 50 Cal.4th 787, 796; *People v. McCoy* (2012) 208 Cal.App.4th 1333, 1338; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1466 (*Alford*); *People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164 (*Cantrell*).) Staying the actual imposition of sentence or imposing a concurrent sentence are both inadequate to comply with section 654. (*Alford,* at p. 1468.)

In this case, the defendant committed burglary with the intent to commit arson. The evidence discloses no other intent. Section 654 applied. Thus, the trial court erred when it imposed concurrent sentences. (*People v. Williams, supra*, 19 Cal.App.3d at p. 1473.) Attempted arson and burglary carry the same maximum terms.**3** Under section

---

**2**     Burglary is not a violent crime unless there is a finding that the defendant committed great bodily injury or personally used a firearm during the commission of the burglary. (*People v. Centers* (1999) 73 Cal.App.4th 84, 99.)

**3**     Attempted arson is punishable by 16 months, two or three years in state prison. (§ 455, subd. (a).) Second degree burglary is punishable by no more than one year in

4

654, the trial court could have chosen either count on which to impose the un-stayed term. There was no error in choosing count 1. However, the choice and manner of imposing the term on count 2 constituted error. First, choosing one-third of the middle term is appropriate only when a consecutive sentence is imposed under section 1170.1, subdivision (a). Second, when section 654 bars multiple punishments, a concurrent term may not be imposed.

## B.    *The Proper Appellate Remedy*

Defendant and the People both request remand with directions to the trial court to stay sentence on the burglary count. They agree that the one-third-the-midterm rule applies only to a consecutive sentence, not to a sentence stayed pursuant to section 654. (See *Cantrell, supra*, 175 Cal.App.4th at p. 1164; § 1170.1.)[4]

The appellate court has authority to correct an unauthorized sentence, including a sentence that violates section 654. (§ 1260; *Cantrell, supra*, 175 Cal.App.4th at p. 1165; *Alford, supra*, 180 Cal.App.4th 1463.) In *Alford, supra*, the trial court failed to impose but merely stayed the imposition of sentence on a conviction of grand theft, believing this complied with section 654. The appellate court modified the judgment by imposing the two-year midterm, reasoning that it was "undoubtedly the sentence the trial court would have imposed, because the grand theft involved essentially the same conduct as the

---

county jail or 16 months, two or three years in state prison. (§§ 461, subd (b), 1170, subd. (h).)

[4]    In *Cantrell*, the defendant was convicted of first degree burglary and attempted second degree robbery. The trial court sentenced the defendant to two years (the one year low term doubled) on the attempted robbery count; pursuant to section 654, it stayed that sentence. On appeal, the defendant argued the sentence on the attempted robbery should have been one-third of the two-year midterm pursuant to section1170.1. The appellate court held the one-third-the-midterm rule was inapplicable to a stayed sentence. But, because the low term for attempted robbery was 18 months, not one year, it modified the defendant's sentence to 32 months (the 18 month low term doubled) stayed under section 654. (*Id*. at p. 1164.)

5

burglary." (*Id*. at p. 1473.)  The *Alford* court explained that it could remand for resentencing, but "[t]he futility and expense of such a course militates against it."  (*Ibid*.)

Here, we cannot discern what sentence the trial court would have imposed.  In such a case, the appropriate remedy is to remand the case for resentencing on count 2.

## DISPOSITION

The sentence imposed on count 2 is vacated.  The matter is remanded for the trial court to exercise its discretion in choosing the term and resentencing the defendant consistent with section 654.  In all other respects, the judgment is affirmed.


OHTA, J.[*]

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.