Filed 7/12/16  P. v. Carpenter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078757 |
| v. | (Super. Ct. No. SF125430C) |
| STEVEN JOHN CARPENTER, | |
| Defendant and Appellant. | |

A jury found defendant Steven John Carpenter guilty of first degree robbery, first degree burglary with a person present, possession of a firearm by a convicted felon, and dissuading a witness.  Defendant subsequently pleaded guilty to active participation in a criminal street gang which had been charged in the same case but was bifurcated from the other charges.  The trial court sentenced him to 10 years in prison, including a consecutive eight-month term for active participation in a criminal street gang.

Defendant now contends the trial court should have stayed execution of the sentence for active participation in a criminal street gang pursuant to Penal Code section 654.[1]  The People agree and we do too.  Because correction of the error will require the trial court to exercise its discretion, we will remand the matter for resentencing and otherwise affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

Defendant and his friend Charles Perry entered defendant's grandmother's home on September 9, 2013. Two minors were inside the home. Perry, armed with defendant's gun, approached one of the minors, put the gun to the minor's head, and grabbed a gold chain from the minor's neck. The second minor, who was upstairs, started walking down the stairs. Defendant told Perry to get that minor's gold chain as well. Perry put the gun to the second minor's head and grabbed the chain from his neck. Defendant and Perry fled.

The jury found defendant guilty of first degree robbery (§ 212.5, subd. (a)), first degree burglary with a person present (§ 459), possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)), and dissuading a witness (§ 136.1, subd. (a)(1)). Thereafter, defendant pleaded guilty to the bifurcated count of active participation in a criminal street gang. (§ 186.22, subd. (a).) The parties stipulated the factual basis for the plea was found in the transcript from the preliminary hearing, at which the People's gang expert testified defendant was a member of the Flyboys, a criminal street gang. He further opined that the home invasion robbery committed by defendant and Perry was gang-related, and stealing the gold chains would benefit the gang by allowing gang members to sell them in order to obtain money for guns and drugs.

In exchange for defendant's plea, the People moved to dismiss the gang enhancement allegations. The trial court granted the People's motion and later sentenced defendant to an aggregate term of 10 years in state prison, including eight months for active participation in a criminal street gang.

DISCUSSION

Defendant contends his sentence for active participation in a criminal street gang must be stayed because it is based upon the same acts as the other offenses for which he was punished. The People agree.

2

Section 654 provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) "The purpose of section 654 is to prevent multiple punishment for a single act or omission, even though that act or omission violates more than one statute and thus constitutes more than one crime. Although the distinct crimes may be charged in separate counts and may result in multiple verdicts of guilt, the trial court may impose sentence for only one offense -- the one carrying the highest punishment. [Citation.]" (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135, fn. omitted.)

In *People v. Mesa* (2012) 54 Cal.4th 191 (*Mesa*), the California Supreme Court held that section 654 does not permit separate punishment for the section 186.22, subdivision (a) crime of active participation in a criminal street gang when the only evidence of such participation is the current charged offenses, even if there were multiple objectives. (*Mesa*, at pp. 199-200.) This is because the crime of being an active participant in a criminal street gang requires not only that the defendant be a member of the gang, but that he also promote, further, or assist in the felonious conduct. (*Id.* at pp. 196-197.) Thus, where the underlying felony is also the act " 'that transform[s] mere gang membership -- which, by itself, is not a crime -- into the crime of gang participation,' " section 654 bars multiple punishment for that single act. (*Mesa*, at pp. 197-198.)

In this case, defendant was charged with active participation in a criminal street gang pursuant to section 186.22, subdivision (a). The evidence of defendant's active participation consisted entirely of evidence associated with the robberies for which he was also convicted. Accordingly, pursuant to *Mesa*, the sentence for active participation in a street gang must be stayed. (*Mesa, supra*, 54 Cal.4th at p. 201.) The length of that sentence, however, must still be determined.

"The one-third-the midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not a sentence stayed under section 654." (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.) The trial court selected defendant's conviction for first degree robbery as the principle term. If the conviction on that term were ever invalidated, a full term sentence on the stayed term would come into effect. (*Ibid*.) Thus, a full term sentence must be imposed on defendant's conviction for active participation in a criminal street gang and then stayed. Because that sentence should be commensurate with the trial court's determination of defendant's punishment, we remand this matter to the trial court for a determination of whether the full lower, middle, or upper term should be imposed and then stayed.

## DISPOSITION

The sentence on defendant's conviction for active participation in a criminal street gang (§ 186.22, subd. (a)) is reversed and the matter is remanded for resentencing on that conviction so the trial court can exercise its discretion to impose the low, middle, or upper term and then stay execution of that term. The judgment is otherwise affirmed. Following resentencing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

/S/
MAURO, Acting P. J.

We concur:


/S/
MURRAY, J.


/S/
HOCH, J.

4