Filed 7/18/16  P. v. Perry CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078998 |
| v. | (Super. Ct. No. SF125430A) |
| CHARLES OWEN PERRY, | |
| Defendant and Appellant. | |

A jury found defendant Charles Owen Perry guilty of numerous felonies, including first degree robbery.  Defendant subsequently pleaded guilty to active participation in a criminal street gang, which had been charged in the same case but was bifurcated from the other charges.  The trial court sentenced defendant to 21 years 4 months in state prison, including a consecutive eight-month term for active participation in a criminal street gang.

Defendant now contends the trial court should have stayed execution of the sentence for active participation in a criminal street gang pursuant to Penal Code section 654.[1]  The People agree and we do too.  Because correction of the error will require the trial court to exercise its discretion, we will remand the matter for resentencing and otherwise affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

BACKGROUND

Defendant and his friend Steven John Carpenter entered the home of Carpenter's grandmother on September 9, 2013. Defendant was armed with a handgun. Carpenter's twin sisters and two teenage boys were inside the home. Defendant held the gun to the heads of the two teenage boys and grabbed the gold chains from around their necks. Defendant and Carpenter then fled. The victims and Carpenter's sisters told the police that Carpenter and another man had taken the boys' gold chains at gunpoint.

Defendant was arrested two days later while leaving the apartment of Brittany Gaines, the mother of his infant son. The police searched her apartment and found a loaded handgun, ammunition, and cartridge magazines. The officers also found indicia that defendant had been living with Gaines.

A jury found defendant guilty of numerous felonies, including first degree robbery. (§ 212.5, subd. (a).) Thereafter, defendant pleaded guilty to the bifurcated count of active participation in a criminal street gang. (§ 186.22, subd. (a).) In exchange for defendant's plea, the People moved to dismiss several gang enhancement allegations. The parties stipulated that the factual basis for the plea was found in the preliminary hearing transcript. The People's gang expert testified at the preliminary hearing that defendant was a member of the Northside Gangster Crips, a criminal street gang. The expert further opined the home invasion robbery committed by defendant and Carpenter was gang-related, and stealing the gold chains would benefit the gang by allowing gang members to sell them in order to obtain money for guns and drugs.

The trial court sentenced defendant to an aggregate term of 21 years 4 months in state prison, including eight months for active participation in a criminal street gang.

DISCUSSION

Defendant contends his sentence for active participation in a criminal street gang must be stayed because it is based upon the same acts as the robbery offenses for which he was punished. The People agree.

2

Section 654 provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) "The purpose of section 654 is to prevent multiple punishment for a single act or omission, even though that act or omission violates more than one statute and thus constitutes more than one crime. Although the distinct crimes may be charged in separate counts and may result in multiple verdicts of guilt, the trial court may impose sentence for only one offense -- the one carrying the highest punishment. [Citation.]" (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135, fn. omitted.)

In *People v. Mesa* (2012) 54 Cal.4th 191 (*Mesa*), the California Supreme Court held that section 654 does not permit separate punishment for the section 186.22, subdivision (a) crime of active participation in a criminal street gang when the only evidence of such participation is the current charged offenses, even if there were multiple objectives. (*Mesa*, at pp. 199-200.) This is because the crime of being an active participant in a criminal street gang requires not only that the defendant be a member of the gang, but that he also promote, further, or assist in the felonious conduct. (*Id.* at pp. 196-197.) Thus, where the underlying felony is also the act " 'that transform[s] mere gang membership -- which, by itself, is not a crime -- into the crime of gang participation,' " section 654 bars multiple punishment for that single act. (*Mesa*, at pp. 197-198.)

In this case, defendant was charged with active participation in a criminal street gang pursuant to section 186.22, subdivision (a). The evidence of defendant's active participation consisted entirely of evidence associated with the robberies for which he was also convicted. Accordingly, pursuant to *Mesa*, the sentence for active participation in a street gang must be stayed. (*Mesa, supra*, 54 Cal.4th at p. 201.) The length of that sentence, however, must still be determined.

"The one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not a sentence stayed under section 654." (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.) The trial court selected defendant's conviction for first degree robbery as the principle term. If the conviction on that term were ever invalidated, a full term sentence on the stayed term would come into effect. (*Ibid*.) Thus, a full term sentence must be imposed on defendant's conviction for active participation in a criminal street gang and then stayed. Because that sentence should be commensurate with the trial court's determination of defendant's punishment, we remand this matter to the trial court for a determination of whether the full lower, middle, or upper term should be imposed and then stayed.

## DISPOSITION

The sentence on defendant's conviction for active participation in a criminal street gang (§ 186.22, subd. (a)) is reversed and the matter is remanded for resentencing on that conviction so the trial court can exercise its discretion to impose the low, middle, or upper term and then stay execution of that term. The judgment is otherwise affirmed. Following resentencing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                                               /S/

                                                MAURO, Acting P. J.

We concur:


/S/
MURRAY, J.


/S/
HOCH, J.

4