Filed 11/26/25  P. v. Portillo CA1/4

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAVIER PORTILLO,<br><br>    Defendant and Appellant. | A169102<br><br>(Contra Costa County<br>Super. Ct. No. 5002002020) |

Defendant Javier Portillo appeals from a judgment entered after a jury trial.  He contends the trial court should have stayed under Penal Code section 654[1] a sentence imposed for possession of a short-barreled rifle or shotgun because the conviction was based on the same act as that upon which another conviction, for possession of an assault weapon, was based.  The People agree.

The parties are correct.  We shall order the sentence for count 5 stayed.

_____

[1] Undesignated statutory citations are to the Penal Code.

# I. BACKGROUND

In January 2020, a grand jury returned an indictment charging Portillo with numerous crimes and enhancements, including count 4, possession of an assault weapon, an AR15 assault rifle (§ 30605, subd. (a)), and count 5, possession of a short-barreled rifle or shotgun (§ 33215). The charges were based on allegations that Portillo attempted to commit murder and assault and to injure his spouse with a firearm, and included that he was also in unlawful possession of both an assault weapon and a short-barreled rifle or shotgun.

A jury found Portillo guilty of assault with a semiautomatic firearm, injuring a spouse, possession of an assault weapon, possession of a short-barreled rifle or shotgun, two counts of possession of a silencer, and four counts of disobeying a court order. The jury also found various enhancement allegations to be true.

The court imposed a total sentence of 15 years and four months in state prison. This sentence included a consecutive eight-month midterm for the count 4 possession of an assault weapon and a concurrent two-year midterm for the count 5 possession of a short-barreled rifle or shotgun.

Portillo filed a timely notice of appeal.

# II. DISCUSSION

We agree with the parties that the trial court should have stayed under section 654 his sentence for the count 5 conviction, possession of a short-barreled rifle or shotgun.

A person may be convicted of more than one crime for the same act, but cannot receive multiple punishments for that same act pursuant to section 654, subdivision (a), which provides in relevant part: "An act or

omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." Possessing a single firearm on a single occasion is a single act, and can only be punished once pursuant to section 654. (*People v. Jones* (2012) 54 Cal.4th 350, 357 [the possession or the carrying of a single firearm on a single occasion may be punished only once under section 654].)

Here, the evidence and arguments presented below make clear that counts 4 and 5 were based on the same act, Portillo's possession of the one AR15 rifle the police found during a search of his residence. A police criminalist identified the rifle as being both an assault rifle and a short-barreled rifle. In closing argument, the prosecutor referred to Portillo's possession of this rifle to argue evidence supported his conviction for both counts 4 and 5, stating that possession of a short-barreled rifle was "basically the same as possession of an assault weapon." (See *People v. Brown* (2017) 11 Cal.App.5th 332, 341 [jury presumed to rely on prosecutor's election and is bound by it].)

At sentencing, the trial court imposed a term of eight months for count 4, unlawful possession of an assault weapon, and a concurrent term of two years for count 5, unlawful possession of a short-barreled rifle. The latter sentence should have been stayed under section 654 because both convictions were based on the same act, Portillo's possession of the AR15 rifle.

Appellate courts correct section 654 errors even when, as here, the issue was not raised below at sentencing. (*People v. Hester* (2000) 22 Cal.4th 290, 295; *People v. Scott* (1994) 9 Cal.4th 331, 354.) In some

circumstances, remand may be appropriate because " '[s]ection 654 . . . provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.' " (*People v. Jones* (2022) 79 Cal.App.5th 37, 45.)

Here, remand is unnecessary because the sentences imposed by the trial court for the two convictions were the same. Both offenses are punishable "by a term of imprisonment in a county jail for 16 months, or two or three years." (§§ 30605, subd. (a), 33215, 1170, subd. (h)(1).) The trial court imposed the midterm for both counts, resulting in a consecutive sentence of one-third of the midterm, i.e., eight months, for count 4 and a concurrent two-year midterm sentence on count 5. Because imposition of these sentences (or "terms") resulted in the same midterm sentence, remand for resentencing is unnecessary. (See *People v. Bey* (2025) 108 Cal.App.5th 144, 167 [remand for resentencing was unnecessary regarding a section 654 error because the punishment for the two counts was the same]; *People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164 [one-third the middle term must be applied to subordinate consecutive terms, not to sentences stayed under section 654, which cannot be consecutive to a principal sentence].)

We shall order modification of the judgment accordingly.

### III. DISPOSITION

The judgment is modified to stay the sentence imposed for Portillo's conviction on count 5, possession of a short-barreled rifle or shotgun, and is otherwise affirmed. We remand the matter to the trial court with the

instructions that it prepare an amended abstract of judgment so stating and forward a certified copy to the California Department of Corrections and Rehabilitation.

                                        STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
MOORMAN, J.*

---

&ast; Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.