Filed 8/7/15  P. v. Mortenson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>STEVEN LEE MORTENSON,<br><br>　　　　Defendant and Appellant. | C077299<br><br>(Super. Ct. No. CM039250) |

　　　　Appointed counsel for defendant Steven Lee Mortenson has asked us to review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Because we find no arguable error that would result in a disposition more favorable to defendant, we shall affirm the judgment and direct correction of the abstract to properly reflect the custody terms on counts 2 and 3.

## BACKGROUND

On July 14, 2013, a law enforcement officer stopped defendant for expired registration tags on his vehicle. Due to defendant's outstanding felony arrest warrant, the officer detained him. With defendant's consent, the officer searched defendant's vehicle and found hidden in the front driver's side wheel well a bag containing 2.3 grams of marijuana, 5.7 grams of methamphetamine, and drug paraphernalia. A search of defendant's bedroom pursuant to a warrant revealed two unspent .25-caliber rounds of ammunition hidden in a compartment behind a wall hanging. Defendant had previously been convicted of felony violations of Health and Safety Code sections 11350, subdivision (a), and 11351 in 2008 and 2011, respectively, and had served a state prison sentence each time.[1]

An amended information charged defendant with transportation of methamphetamine (§ 11379, subd. (a); count 1), and alleged two prior drug convictions (§ 11370.2, subd. (c)). At the entry of plea hearing, the information was orally amended to add count 2, possession of methamphetamine for sale (§ 11378), count 3, felon in possession of ammunition (Pen. Code, § 30305), and a prior prison term for defendant's 2008 drug conviction (Pen. Code, § 667.5, subd. (b)).

Defendant pleaded no contest to counts 2 and 3.[2] Defendant also admitted the prior prison term allegation. In exchange for defendant's plea and admission, count 1 and the remaining allegations were dismissed as well as another pending case (No. CM039251) with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

---

[1] Further undesignated statutory references are to the Health and Safety Code.

[2] At the time of the plea, the parties stipulated that the facts underlying the offenses could be obtained from the probation report. The probation report did not address defendant's unlawful possession of ammunition. At sentencing, the prosecutor recited a factual basis for the ammunition offense as reflected in supplemental sheriff's reports. Defendant did not object, and the court found the factual basis sufficient.

Two months later, defendant moved to withdraw his plea to the ammunition offense (count 3) only, claiming he did not understand that he was pleading to that offense and that he was factually innocent. The People opposed the motion, arguing that defendant had failed to demonstrate good cause. The prosecutor noted that defendant, who was represented by counsel, had signed a written plea agreement which indicated his intention to enter a no contest plea to the ammunition offense, that defense counsel had outlined the terms of the plea agreement--including defendant's plea to the ammunition offense--prior to the plea, and that the plea offer had been discussed for many months prior to the entry of plea.[3]

The court denied defendant's motion and sentenced him to state prison for an aggregate term of three years eight months: the midterm of two years on count 3; a consecutive one-third the midterm (eight months) on count 2; and one year consecutive for the prior prison term.[4] The court imposed various fines and fees, incorporating by reference numbered recommendations from the probation officer's report, and awarded defendant 188 actual days and 188 conduct days for a total of 376 days of presentence custody credit.

---

[3] We add that at the time defendant waived his preliminary hearing, defense counsel represented that the prosecutor had made a written offer that included the ammunition offense. The probation report reflects that when defendant was interviewed prior to sentencing, he claimed that his plea to the ammunition offense was not valid because officers planted the evidence and the search was invalid because no one was on searchable probation or parole. He told the probation officer he would be "searching for information to invalidate at least Count III of the plea agreement."

[4] In sentencing defendant on count 2, the court purported to impose the *full* two-year middle term and *stay* "all but one third the middle term." The abstract correctly reflects the subordinate term as an eight month consecutive sentence with no stay. (See Pen. Code, § 1170.1, subd. (a) [explaining principal and subordinate counts and calculation of their terms]; see also *People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164 [a stayed sentence cannot be consecutive to a principal sentence].) Because the abstract is correct in this regard, and the effect is the same, we need not modify the judgment.

We permitted defendant to file a late notice of appeal, and the trial court granted his request for a certificate of probable cause.  (Pen. Code, § 1237.5.)

**DISCUSSION**

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  We granted defendant's request for an extension of time to file a supplemental brief to June 2, 2015.  More than 30 days has elapsed since that date, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  We do, however, note an error in preparation of the abstract of judgment.  The abstract reflects the opposite of the trial court's oral imposition of the midterm of two years for *count 3* and eight months for *count 2*, reversing the counts and custody terms therefor.  We direct the abstract corrected to reflect the two-year term for count 3 and eight-month term for count 2.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

4

# DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment as described in this opinion, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

                                               DUARTE            , J.

We concur:

       RAYE           , P. J.

       MAURO         , J.