Filed 8/20/20  P. v. Gonzalez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B292555 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA072658) |
| v. | |
| ELPIDIO PEDRO GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed in part; reversed in part; and remanded with instructions.

Carolyn D. Phillips, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Steven E. Mercer and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Elpidio Pedro Gonzalez appeals from a judgment entered after a jury convicted him of first degree burglary (Pen. Code,[1] § 459; count 1); assault with a deadly weapon (§ 245, subd. (a)(1); count 2); and infliction of corporal injury on a spouse (§ 273.5, subd. (a); count 3). As to counts 1 and 3, the jury also found true the allegation Gonzalez personally used a dangerous or deadly weapon, a tire iron, within the meaning of section 12022, subdivision (b)(1). Gonzalez admitted he suffered a prior conviction of a violent or serious felony under the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and a serious felony within the meaning of section 667, subdivision (a)(1). The trial court sentenced Gonzalez to 20 years in state prison.

Gonzalez does not challenge his convictions on appeal, instead raising only sentencing errors. Gonzalez contends, the People concede, and we agree the trial court erred by failing to stay under section 654 the two-year sentence imposed for assault with a deadly weapon. Gonzalez also requests we remand for the trial court to exercise its discretion under Senate Bill No. 1393 (2017-2018 Reg. Sess.), which took effect January 1, 2019, to consider whether to strike the prior serious felony conviction enhancement the trial court imposed pursuant to section 667, subdivision (a)(1). We agree remand is appropriate for the trial court to exercise its discretion whether to strike the enhancement. We affirm Gonzalez's convictions but reverse the sentence and remand for resentencing.

---

[1]     All statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Evidence at Trial*

Gonzalez and Priscilla Negrete were married in 1990 and had four children together.  In 2014 Negrete left Gonzalez because of his drug use, but they remained married.  In 2015 Negrete moved to Palmdale with Negrete and Gonzalez's son.  Gonzalez never lived in the Palmdale apartment with Negrete, and Negrete did not give Gonzalez a key to the apartment.  In September 2017 Negrete obtained a temporary restraining order against Gonzalez because he was harassing and stalking her.  However, after Gonzalez told Negrete he was moving north to the Fresno area, Negrete decided she no longer needed a restraining order, and the temporary restraining order expired on November 13, 2017.

At approximately 7:30 p.m. on November 16, 2017 Negrete was at home in the kitchen cooking food.  She heard her front door open and saw Gonzalez enter her apartment.  When Negrete asked Gonzalez what he was doing in her apartment, he told her "the security guard was chasing me."  Negrete told Gonzalez he "can't be here," and he turned around to leave.  Negrete followed him toward the front door, then Gonzalez turned around and pulled a tire iron from his waistband concealed under his shirt, held it at shoulder level, and said to Negrete, "You are not going to tell me what to do."  Negrete was able to calm Gonzalez down, and she escorted him into the hallway to make sure he left the apartment complex.

While she was still in the hallway, Negrete called 911 and told the operator that her husband had "pulled out a weapon."  Gonzalez appeared to head out of the apartment complex, and

3

Negrete returned to her apartment and locked the door. Negrete was still on the phone with the 911 operator when Gonzalez entered her apartment with a key and began hitting her with the tire iron. Gonzalez struck Negrete around 10 times on her hand, head, neck, shoulder, and left arm. Negrete was able to grab the tire iron and push Gonzalez into the hallway. Negrete screamed for help, and a neighbor came out of her apartment. Gonzalez fled. He left his keys to Negrete's apartment in the doorknob.

Two Los Angeles County sheriff's deputies responded to the scene. They interviewed Negrete and recovered the tire iron. Negrete was taken to the emergency room and received five stitches to the palm of her hand. Surveillance videos and DNA testing tied Gonzalez to the incident. He was arrested the next day.

B.    *The Verdict and Sentence*

The jury found Gonzalez guilty on all counts and found true that Gonzalez personally used a dangerous or deadly weapon, a tire iron, during the commission of the first degree burglary and infliction of corporal injury upon a spouse. Gonzalez admitted he had a prior strike conviction under the three strikes law and a prior serious felony conviction within the meaning of section 667, subdivision (a)(1). The trial court denied Gonzalez's *Romero* motion[2] to dismiss the prior strike. The court selected count 1 for first degree burglary as the base term and sentenced Gonzalez to the upper term of six years, doubled to 12 years under the three strikes law, plus an additional five years pursuant to section 667,

---

[2]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

subdivision (a)(1), and one year for the personal use of a deadly or dangerous weapon (§ 12022, subd. (b)(1)), for a total of 18 years. The court imposed a two-year consecutive term on count 2 for assault with a deadly weapon (one-third the three-year middle term doubled). On count 3 for infliction of corporal injury on a spouse, the court imposed a consecutive term of two years (one-third the three-year middle term doubled), plus an additional year for the weapon enhancement under section 12022, subdivision (b)(1), for a total of three years. However, the court stayed the sentence on count 3 pursuant to section 654.[3]

Gonzalez timely appealed.

**DISCUSSION**

A.     *The Sentence for Assault with a Deadly Weapon Must Be Stayed Under Section 654*

Gonzalez contends, the People concede, and we agree the trial court erred in failing to stay under section 654 the sentence imposed for assault with a deadly weapon. Section 654, subdivision (a), provides that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or

---

[3]     Because the court stayed the sentence, it should have imposed a full term and stayed execution of that term. (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1197-1198; *People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164 ["The one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not to a sentence stayed under section 654."].) On remand, the trial court should resentence Gonzalez on count 3 to a full term, then stay execution of the sentence.

omission be punished under more than one provision."  As the Supreme Court has explained, "'"Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor.  If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one."'"  (*People v. Capistrano* (2014) 59 Cal.4th 830, 885, overruled on other grounds by *People v. Hardy* (2018) 5 Cal.5th 56, 104; accord, *People v. Jackson* (2016) 1 Cal.5th 269, 354; *People v. Britt* (2004) 32 Cal.4th 944, 951-952.)

When Gonzalez entered the apartment for the second time, his sole objective was to assault Negrete.  As the prosecutor argued in her closing:  "Clearly, he knows, but he enters that second time.  And when he enters that second time, there are no words, because he has the tire iron in his hand, ready to strike, rapidly approaching her, and he assaults her over and over and over again with that tire iron, and it is captured on the 911 call, the attack.  [¶]  So clearly, assault was the sole reason for that second entry, which gets us to first degree burglary."  The People's sentencing brief reiterated this point:  "The evidence at trial was clear that [Gonzalez] entered Ms. Negrete's apartment without consent and with the intent to commit assault with a deadly weapon."

Because Gonzalez had a single objective in committing the first degree burglary and assault with a deadly weapon, Gonzalez's sentence for assault with a deadly weapon should have been stayed under section 654.  (See *People v. Hester* (2000) 22 Cal.4th 290, 294 ["'The admitted charging allegations stated that the burglarious entry was perpetrated with the intent to

6

commit the felony assault.'  Under section 654, therefore, the concurrent three-year sentence for the assault count should have been stayed."]; *People v. Radil* (1977) 76 Cal.App.3d 702, 713 ["Respondent concedes that it was improper to sentence appellant for both assault and burglary where the entry for purposes of assault constituted the requisite act for burglary.  The entry for purposes of assault and the assault itself formed one continuous transaction."].)[4]

B.      *Remand Is Appropriate for the Trial Court To Exercise Its Discretion Whether To Strike the Five-year Enhancement Under Section 667, Subdivision (a)(1)*

In 2018 the Governor signed into law Senate Bill No. 1393 (2017-2018 Reg. Sess.), which went into effect on January 1, 2019.  Senate Bill No. 1393 amended section 1385 by deleting subdivision (b), which prohibited trial courts from exercising discretion "to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under [s]ection 667." (§ 1385, former subd. (b).)  As the People concede, Senate Bill No. 1393 applies retroactively to Gonzalez because his sentence was not final at the time the new law became effective on January 1, 2019.  (*People v. Stamps* (2020) 9 Cal. 5th 685, 699; *People v. Jones* (2019) 32 Cal.App.5th 267, 272; see *In re Estrada* (1965) 63 Cal.2d 740, 744 [Absent contrary legislative intent, "[i]f the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in

_____

[4]      On remand the trial court should impose a full term on count 2 and stay execution of that term.  (*People v. Relkin, supra*, 6 Cal.App.5th at pp. 1197-1198; *People v. Cantrell, supra*, 175 Cal.App.4th at p. 1164.)

our opinion, it, and not the old statute in effect when the prohibited act was committed, applies."].)

Gonzalez contends remand is appropriate for the trial court to exercise its discretion whether to strike the prior serious felony conviction enhancement imposed pursuant to section 667, subdivision (a)(1). The People argue the trial court's statements at sentencing show it would not have stricken the five-year enhancement even if it had the discretion to do so. Gonzalez has the better argument.

"Remand is required unless 'the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have stricken [the] enhancement' even if it had the discretion." (*People v. Franks* (2019) 35 Cal.App.5th 883, 892; accord, *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081 [remand is required when "the record does not 'clearly indicate' the court would not have exercised discretion to strike the firearm allegations had the court known it had that discretion"]; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 [same].) "In reviewing whether the trial court made such an unequivocal indication, we consider the trial court's statements and sentencing decisions." (*Franks*, at p. 892.)

The People point to the statements made by the trial court in denying Gonzalez's *Romero* motion. The court noted that Gonzalez had seven prior felony convictions and six prior misdemeanor convictions. Further, the court noted the seriousness of the current offenses, explaining that Gonzalez's "conduct showed a significant level of pre-meditation. . . . He came to the apartment with a [tire iron] that was hidden from view and apparently down his waist to the pants area. He enters the location without permission. He leaves and then comes back

8

and then pulls that tire iron out and begins to strike his wife, the mother of his children, with that tire iron and strikes her multiple times about the upper body and head. . . .  [¶]  That conduct that resulted in these convictions is, in the court's mind, the most serious, the most egregious, the most violent conduct that Mr. Gonzalez has demonstrated over the course of his 30 plus years of criminal activity."  The court similarly explained its reasoning for imposing the upper term of six years on count 1 for first degree burglary: "The basis for the high term includes aggravating circumstances which [show] the defendant has engaged [in] vile conduct which indicates a serious danger to society.  His prior convictions are numerous and of increasing seriousness. . . .  The crimes involved violence, great bodily harm, disclosing a high term degree of cruelty, viciousness and callousness.  The court did not find any mitigating services that were persuasive."

Although the trial court emphasized the egregious nature of Gonzalez's conduct that supported both denial of the *Romero* motion and imposition of the upper term on count 1, this does not provide a clear indication the trial court would have declined to strike the five-year sentence enhancement under section 667, subdivision (a)(1), if it had the discretion to do so, especially given the significant 15-year sentence it imposed before adding the five-year enhancement.  (See *People v. Bell* (2020) 47 Cal.App.5th 153, 200 ["As for the court's statement about Bell's *Romero* motion, it is only a 'clear indication' of its views on *that particular* sentencing decision.  We cannot speculate from the court's statements and decision as to one sentencing issue to divine what the court would have done if it had broadened discretion on another sentencing issue."]; *People v. McDaniels, supra,*

22 Cal.App.5th at p. 427 ["Given these high stakes, it seems to us that a reviewing court has all the more reason to allow the trial court to decide in the first instance whether these enhancements should be stricken, even when the reviewing court considers it reasonably probable that the sentence will not be modified on remand."].)

*People v. Jones*, *supra*, 32 Cal.App.5th at page 272, relied on by the People, is distinguishable. The Court of Appeal in *Jones* concluded "the trial court made clear its intention to impose the most stringent sentence it could justifiably impose," noting the "defendant's actions were premeditated, dangerous, senseless and absurd, . . . and the court took 'great satisfaction' in imposing the 'very lengthy sentence' it imposed." (*Id.* at pp. 274-275; see *People v. McVey* (2018) 24 Cal.App.5th 405, 419 [declining to remand for resentencing because there was no possibility the trial court would strike the firearm enhancement on remand where it explained in imposing the upper term on the enhancement, "'[T]his is as aggravated as personal use of a firearm gets,' and 'the high term of 10 years on the enhancement is the only appropriate sentence on the enhancement.'"].) Although the trial court here expressed its view Gonzalez's conduct was egregious, it did not make the type of statements the *Jones* and *McVey* trial courts made that provided a clear indication the courts would not have stricken the five-year enhancement even if they had the discretion to do so. We therefore remand for resentencing to afford Gonzalez a ""sentencing decision[] made in the exercise of the 'informed discretion' of the sentencing court.""" (*People v. Billingsley, supra*, 22 Cal.App.5th at p. 1081; accord, *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

10

## DISPOSITION

The judgment of conviction is affirmed.  We reverse the sentence and remand with directions for the trial court (1) to impose and stay under section 654 full terms on count 2 for assault with a deadly weapon and count 3 for infliction of corporal injury on a spouse; and (2) to exercise its discretion whether to strike Gonzalez's five-year sentence enhancement under section 667, subdivision (a)(1).


FEUER, J.

We concur:



PERLUSS, P. J.



SEGAL, J.

11