Filed 5/28/21  P. v. Reynolds CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROWDY REYNOLDS,<br><br>　　Defendant and Appellant. | F079523<br><br>(Super. Ct. No. BF173574A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*　　Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

# INTRODUCTION

Based on events that occurred in Kern County between June 10, 2018, and August 25, 2018, defendant Rowdy Reynolds was charged with 15 offenses: two felony counts of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a); counts 1 & 3), felony receiving a stolen vehicle (Pen. Code, § 496d, subd. (a); count 2),[1] one felony count and one misdemeanor count of receiving stolen property (§ 496, subd. (a); counts 4 & 13), two counts of first degree burglary (§ 460, subd. (a); counts 5 & 6), grand theft of a firearm (§ 487, subd. (d)(2); count 7), two misdemeanor counts of driving with a license suspended for a prior driving under the influence (DUI) conviction (Veh. Code, § 14601.2, subd. (a); counts 8 & 10), two misdemeanor counts of driving with a license suspended for a prior DUI or refusal to take chemical test (Veh. Code, § 14601.5, subd. (a); counts 9 & 11), misdemeanor vandalism (§ 594, subd. (b)(2)(A); count 12), felony evasion of a peace officer while driving recklessly (Veh. Code, § 2800.2; count 14), and felony evasion of a peace officer by driving against traffic on a highway (Veh. Code, § 2800.4; count 15). Before the evidentiary phase of trial commenced, the court dismissed counts 1, 2, 8 and 9 on the prosecutor's motion; and after the conclusion of the prosecutor's case-in-chief and on his motion, the court reduced count 3 from a felony to a misdemeanor and dismissed counts 4 and 11.[2] The court also granted defendant's motion for acquittal on count 12 under section 1118.1.

The jury subsequently convicted defendant on the remaining eight charges of misdemeanor unlawfully driving or taking a vehicle on count 3, first degree burglary on counts 5 and 6, grand theft of a firearm on count 7, misdemeanor driving on a suspended license on count 10, misdemeanor receiving stolen property on count 13, felony evasion

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

[2]     The facts underlying defendant's crimes are not relevant to the issues raised on appeal and therefore, we do not summarize them.

of a peace officer on count 14, and felony evasion of a peace officer while driving against traffic on count 15.

The trial court sentenced defendant to a total determinate term of eight years in state prison as follows:  the upper term of six years on count 5 for burglary and, pursuant to section 1170.1, subdivision (a), a consecutive term of 16 months on count 6 for burglary and a consecutive term of eight months on count 14 for evading a peace officer. Pursuant to section 654, the court imposed and stayed a term of eight months on count 7 for grand theft and a term of eight months on count 15 for evading a peace officer while driving against traffic.[3]  In addition, the court imposed, without objection, a restitution fine of $300 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $300 under section 1202.45, subdivision (a), suspended; a court operations assessment of $320 under section 1465.8; a court facilities assessment of $240 under Government Code section 70373; and a $10 crime prevention fine under section 1202.5.

On appeal, defendant requests remand for an ability-to-pay hearing, pursuant to the Court of Appeal's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).[4]  Although he did not object, he disputes that he forfeited the claim and,

---

[3]     As set forth in part II. of the Discussion, the court erred in imposing one-third of the middle term on the counts stayed under section 654, and we modify the judgment to reflect imposition of the full middle term on counts 7 and 15.  (§ 1260; *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1198.)

[4]     While the appeal was pending, defendant filed a motion in the trial court as required to perfect appellate review and comply with section 1237.2, which provides, "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."  (See *People v. Hall* (2019) 39

alternatively, he argues that trial counsel rendered ineffective assistance of counsel by failing to object. The People maintain that forfeiture bars defendant's claim and on the merits, they contend that the restitution fine imposed was constitutional under both the Eighth Amendment and due process principles, and imposition of the nonpunitive court assessments without determining defendant's ability to pay was harmless error.

As explained below, we reject defendant's arguments against application of the forfeiture doctrine, but because we conclude that his claim fails on its merits, we need not reach his ineffective assistance of counsel claim. In addition, on our own motion, we modify the judgment to reflect imposition of the full middle term of two years on count 7 and on count 15, stayed under section 654. (§ 1260; *People v. Relkin*, *supra*, 6 Cal.App.5th at p. 1198.) Except as modified, the judgment is affirmed.

## DISCUSSION

**I.** *Dueñas* **Claim**

### A. Forfeiture

Defendant was sentenced on June 19, 2019, which was more than six months after the Court of Appeal issued its decision in *Dueñas*. Thus, although defendant did not have a statutory right to object to imposition of the minimum $300 restitution fine under section 1202.4, the parties and the trial court had ample notice of the *Dueñas* decision. Furthermore, defendant had a statutory right to object to the crime prevention fee imposed under section 1202.5 based on ability to pay, but failed to do so. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371.)

Defendant argues that we "'may consider a claim raising a pure question of law on undisputed facts,'" if his claim involves "'the deprivation of certain fundamental, constitutional rights,'" and we have the inherent authority to consider a forfeited claim.

Cal.App.5th 502, 504 [§ 1237.2 applies to appeal raising *Dueñas* claim].) Citing to *People v. Lowery* (2020) 43 Cal.App.5th 1046 (*Lowery*), the trial court denied the motion.

However, the failure to object in the trial court generally forfeits a claim on appeal and this principle is applicable to constitutional claims. (*People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.) Moreover, "'discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue'" (*In re Sheena K.*, *supra*, at pp. 887–888, fn. 7). Here, as stated, defendant had ample notice prior to sentencing of the appellate decision on which he now relies to advance his constitutional claim.

Under these circumstances, we find defendant's arguments unpersuasive. Nevertheless, defendant's claim also fails on its merits and we elect to resolve it on this ground, which moots his alternative argument that trial counsel rendered ineffective assistance of counsel by failing to object during the sentencing hearing held six months post-*Dueñas*.

### B. No Constitutional Violation and Any Assumed Error Harmless

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164, see p. 1167.) We disagree with the holding in *Dueñas* and find the matter need not be remanded for further findings. As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, *supra*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case, which amount to less than $1,000, are not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Aviles*, *supra*, at p. 1072; accord, *Lowery*, *supra*, 43 Cal.App.5th at pp. 1057–1058.)

Even assuming arguendo that we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find that because defendant has the ability to pay

the fines and fees imposed in this case, any error "was harmless beyond a reasonable doubt." (*Chapman v. California* (1967) 386 U.S. 18, 24; *Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1075–1077; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.) """"Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody.'" (*Aviles*, *supra*, at p. 1076.)

We can infer from the instant record that defendant, who was 27 years old at the time of sentencing and had a seven-year employment history, has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Lowery*, *supra*, 43 Cal.App.5th at pp. 1060–1061; *Aviles*, *supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.) There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job. While it may take defendant some time to pay the amounts imposed in this case, that circumstance does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

## II.     Modification of Sentences on Counts 7 and 15

Although not raised by the parties, "'[t]he one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not to a sentence stayed under section 654'" (*People v. Relkin*, *supra*, 6 Cal.App.5th at pp. 1197–1198, quoting *People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164), and "[t]o effectuate

6.

section 654, the trial court must impose a full term and stay execution of that term" (*People v. Relkin*, *supra*, at p. 1198, citing *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469–1472).  Accordingly, we exercise our inherent authority to modify the judgment to impose and stay under section 654 the full middle term of two years on count 7 and on count 15.  (§ 1260; *People v. Relkin*, *supra*, at p. 1198; *People v. Alford*, *supra*, at p. 1473.)

## DISPOSITION

The judgment is modified to reflect the imposition of the full middle term of two years on count 7 and on count 15, stayed under section 654.  Except as modified, the judgment is affirmed.