Filed 9/10/21  P. v. Gangl CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092436 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE006058) |
| v. | |
| ROBERT MICHAEL GANGL, | |
| Defendant and Appellant. | |

Defendant Robert Michael Gangl was convicted of multiple offenses after he stole a car and then stole the arresting officer's patrol vehicle, led officers on a high-speed chase, and eventually robbed a man in his own home as defendant tried to elude capture.[1] He was originally sentenced to 18 years in state prison.  In a partially published decision, we affirmed defendant's convictions, stayed the sentence on one count under Penal Code[2] section 654, and remanded for resentencing because the trial court was unaware of

---

[1]     Defendant was convicted of unlawful driving or taking of a vehicle, possession of a firearm by a felon, unlawful possession of ammunition, unlawful driving or taking of a law enforcement vehicle, assault on a peace officer with a deadly weapon, evading a peace, first degree robbery, misdemeanor vandalism, providing false identification to the police, and possession of burglary tools.

[2]     Further undesignated section references are to this code.

1

its discretion to impose concurrent sentences for defendant's multiple serious and violent felony convictions.  (See *People v. Gangl* (2019) 42 Cal.App.5th 58, 69-72.)

Following issuance of the remittitur and before being resentenced, defendant filed an application for mental health diversion under section 1001.36.  The People opposed mental health diversion and requested that the court again impose consecutive terms for his strike offenses.  Defendant requested concurrent sentencing in the event the trial court did not grant pretrial diversion.

After considering the parties' briefs and their arguments at a hearing on the application for mental health diversion, as well as a statement from defendant, the court denied the application.  The court found that defendant had failed to show he met several of the qualifying criteria under section 1001.36.

The trial court sentenced defendant to an aggregate term of 14 years two months in state prison.  The court exercised its discretion to impose concurrent sentences on defendant's strike convictions (counts five and seven), imposed consecutive one-third the midterm sentences for the remaining unstayed nonserious and nonviolent felonies (counts one, two, three, and four), imposed a full midterm on count six, which was stayed under section 654, a stayed a six-month sentence on the count twelve misdemeanor, and a consecutive one month sentence each on misdemeanors in counts thirteen and fourteen. The court imposed mandatory assessments and minimum restitution fines; but otherwise waived any further fees and fines.  Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

2

Having examined the entire record pursuant to *Wende*, we have found a sentencing error regarding the restitution fines. The court imposed a $300 restitution fine for defendant's felony convictions (§ 1202.4, subd. (b)), and a $300 parole revocation restitution fine, which was stayed unless parole was revoked (§ 1202.45). The court also imposed a $150 restitution fine (§ 1202.4, subd. (b)) and a stayed $150 parole revocation restitution fine (§ 1202.45) for defendant's misdemeanor convictions. It was error to impose a restitution fine and a parole revocation restitution fine as to each count. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483.) Defendant was subject to only one section 1202.4, subdivision (b)(1) restitution fine and a single section 1202.45 parole revocation restitution fine. (*Sencion*, at p. 483; see also §§ 1202.4, subd. (b), 1202.45, subd. (a).) However, the section 1202.4 restitution fines and the section 1202.45 parole revocation restitution fines totaled only $450, an amount well within the statutory range of $300 to $10,000. (§ 1202.4.) Hence, there was no prejudice to defendant. (*Sencion*, at p. 483.) We shall modify the judgment to reflect a single $450 restitution fine (§ 1202.4) and a $450 parole revocation restitution fine, which is stayed unless parole is revoked (§ 1202.45), and we shall direct the clerk to amend the abstract of judgment accordingly.

We have also discovered a clerical error in the minute order dated July 24, 2020, regarding the sentence imposed on count six. The minute order reflects that the court imposed one-third the midterm of two years on count six, which it stayed under section 654. In reality, the court orally imposed a *full* midterm of two years and then stayed the midterm pursuant to section 654.

"The one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not to a sentence stayed under section 654." (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.) When a sentence is required to be stayed under section 654, the trial court should impose a full-term sentence to ensure the "defendant's punishment is commensurate with his criminal liability" in the event that the stay is

lifted.  (*Ibid*.)  Because the court correctly imposed a full-term sentence on count six and stayed it under section 654, the minute order must be corrected to properly reflect the court's oral pronouncement of judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 [where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment or minute order, the oral pronouncement controls].)

We find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to impose a $450 restitution fine under section 1202.4, and a $450 parole revocation restitution fine under section 1202.45, which is suspended unless parole is revoked.  As so modified, the judgment is affirmed.  The clerk is directed to prepare an amended abstract of judgment, and to forward a copy of the Department of Corrections and Rehabilitation.

The clerk is further directed to correct the July 24, 2020, minute order to reflect that the trial court imposed a full two-year midterm on count six, which was doubled to four years for defendant's strike prior, and that the term is stayed under section 654.


                    /s/
                    Robie, J.

We concur:


/s/
Blease, Acting P. J.


/s/
Duarte, J.

4