Filed 9/19/24  P. v. Jones CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND JONES,<br><br>        Defendant and Appellant. | A170104<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR2020343291) |

Defendant Raymond Jones appeals after a resentencing hearing.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Our review of the record revealed a potentially arguable issue.  We ordered the parties to submit supplemental briefing regarding whether Jones's new sentence was unauthorized because the trial court stayed— rather than struck—several five-year, prior serious felony enhancements under Penal Code 667, subdivision (a)[1] (section 667(a)).  The parties agree that staying these enhancements was unauthorized.  Although the People concede that an appropriate remedy is to remand with directions to the trial court to strike the improperly stayed enhancements, they request that we correct the judgment instead of remanding.

---

[1]  Further undesignated statutory references are to the Penal Code.

1

We have considered the parties' briefs and conducted an independent review of the record. We modify the judgment by striking the five section 667(a) enhancements that were improperly stayed. As modified, the judgment is affirmed.

## BACKGROUND

### Charges, Conviction, and Original Sentence

We draw our summary of the underlying facts, charges, and original sentence from our prior opinion, *People v. Jones* (Sept. 20, 2022, A162848) [nonpub. opn.] (*Jones*).

On February 10, 2020, Jones repeatedly punched his girlfriend, M.C., in the face before swinging a baseball bat near her, leaving a hole in the wall. When M.C. ran into her bedroom, Jones followed her and strangled her until she lost consciousness. After the incident, Jones threatened to kill M.C. if she told the police. Days later, police located Jones, found a baggie with methamphetamine in his pocket, and arrested him. As officers put Jones into the patrol car, he kicked the rear passenger door five or six times, causing approximately $4,000 in damage. (*Jones*, *supra*, A162848, at pp. 2–3.)

On April 23, the Mendocino County District Attorney filed an information charging Jones with assault with a deadly weapon (§ 245, subd. (a)(1)) (count 1) "to wit, [a] baseball bat"; battery with serious bodily injury (§ 243, subd. (d)) (count 2) "upon the person of [M.C.] by causing her to lose consciousness by strangulation"; dissuading a witness by force or fear (§ 136.1, subd. (c)(1)) (count 3); corporal injury to a spouse (§ 273.5, subd. (a)) (count 4) "by punching [M.C.] in the face and causing facial bruising"; vandalism (§ 594) (count 5); and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) (count 6). The information also alleged a great bodily injury enhancement with respect to

count 2 (§ 12022.7, subd. (a)), two prior strikes (§§ 667.5, 1170.12), and two prior serious felony convictions (§ 667, subd. (a)) (alleged, respectively, as the third and fourth special allegations).  (*Jones*, *supra*, A162848, at pp. 3–4.)

On July 2, the jury found Jones guilty of all charges and found true the bodily injury enhancement with respect to count 2.  On July 20, the trial court found true the prior strike and prior serious felony conviction allegations.  (*Jones*, *supra*, A162848, at p. 4.)

"On June 3, 2021, the trial court sentenced Jones to the aggravated term of 4 years on count 4, doubled to eight years because of the strike, with a consecutive sentence of eight months, doubled to sixteen months because of the prior strike, on count 5.  The trial court then imposed two consecutive five-year enhancements for the prior serious or violent felony convictions, for a total determinate sentence of 19 years, 4 months.  The trial court imposed a 25 year to life indeterminate term on each of counts 1, 2, and 3, with two consecutive five-year enhancements on each count, for a total indeterminate term of 105 years to life."  (*Jones*, *supra*, A162848, at p. 4.)

Jones appealed, and we affirmed the judgment of conviction, but concluded the sentence on either count 2 or count 4 should have been stayed under section 654.  (*Jones*, *supra*, A162848, at pp. 9–15.)  We remanded for the trial court to apply section 654 to counts 2 and 4 in the first instance.  (*Id.* at p. 19.)

**Resentencing on Remand**

At a brief resentencing hearing on January 19, 2023, the trial court ordered, pursuant to the People's unopposed request, the sentence on count 4 (corporal injury to a spouse) stayed pursuant to section 654 and the abstract of judgment amended accordingly.

On March 13, the California Department of Corrections and

3

Rehabilitation (CDCR) sent a letter to the trial court indicating that the amended abstract of judgment "may be in error," because the 16-month sentence on count 5 (vandalism) was ordered to run consecutive to the indeterminate term and California Rules of Court, rule 4.451(a) provides that the determinate term should be computed without reference to the indeterminate term. Thus, the CDCR wrote, "the *full term* for Count 5 shall be imposed consecutive. The sentencing triad for this offense when doubled is 2 years 8 months (32 months)[,] 4 years, or 6 years."

On July 31, a hearing was held to clarify the sentence. The trial court indicated that with count 4 stayed pursuant to section 654, "the only determinate count is Count 5," and that "CDCR believes that Mr. Jones needs to be resentenced on Count 5 to either the low, mid, or upper term doubled based on the finding in the strike." The trial court set a hearing for resentencing on count 5.

On October 3, the probation department filed a memorandum indicating that the "parties agree (including Probation) that there were additional sentencing errors that should now be corrected." First, probation recommended that Jones be sentenced to the aggravated term of three years on count 5, which should be the principal term of the determinate sentence. Second, the third and fourth special allegations (i.e., the five-year enhancements for each of the two prior serious felonies pursuant to section 667(a)) should remain, but in relation to only the current strike offenses in counts 1, 2, and 3 (assault with a deadly weapon, battery with serious bodily injury, and dissuading a witness, respectively)—for a total of 30 years. Third, probation indicated that it made an error in designating count 2 as a violent felony, when it should have been a serious felony pursuant to section 969f. Finally, probation indicated that Jones was sentenced prior to changes in the

law made by Senate Bill No. 567 (2021–2022 Reg. Sess.), which permit the court to consider prior convictions in sentencing, including that "defendant's . . . prior record was lengthy (27 convictions), he had served prior prison terms, was on Post-Release Community Supervision at the time of the offenses, and his prior performance on supervision was unsatisfactory." (See Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022; § 1170, subd. (b)(3).) Probation recommended a determinate term of 36 years, and an indeterminate term of 75 years to life.

On February 27, 2024, the resentencing hearing took place. The trial court designated count 5 as the principal determinate term, and for this count, imposed a term of four years, the midterm of two years doubled because of the two prior strikes. It declined to impose the aggravated term "[b]ased on changes in the law and the factors in aggravation that needed to be pled and proved." For count 4, the court imposed, but stayed pursuant to section 654, the midterm of three years. As to count 6 (misdemeanor possession of methamphetamine), the court sentenced Jones to a concurrent term of six months.

On each of counts 1, 2, and 3, the trial court imposed two five-year prior serious felony enhancements (§ 667, subd. (a)(1)) (which it referred to as "nickel priors"), but stayed all but one of those enhancements based on "the change in the law to Penal Code section 1385." As the trial court summarized it, "the determinate sentence has only one 5-year nickel prior" and "[t]he other 5-year priors are being stayed under [section] 1385." The trial court added the one five-year enhancement to the determinate term of four years calculated above, which "means . . . the determinate term for Mr. Jones is now 9 years."

The trial court then imposed a 25 year to life indeterminate term on each of counts 1, 2, and 3, for a total indeterminate term of 75 years to life.

On March 15, Jones filed a notice of appeal.

## DISCUSSION

Jones's counsel filed a *Wende* brief identifying no error and asking that we review the record to determine whether there were any arguable issues on appeal. We solicited supplemental briefing on whether the trial court erred in staying rather than striking the five section 667(a) enhancements and, if so, the appropriate remedy.

The parties agree, as do we, that the trial court's stays of Jones's section 667(a) enhancements "under [section] 1385" was unauthorized.

Section 1385, subdivision (a) states, in part, that "[t]he judge . . . may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." Section 1385, subdivision (b)(1) provides that if a court "has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice . . . ." Senate Bill No. 1393 (2017–2018 Reg. Sess.), which took effect on January 1, 2019, "removed provisions that prohibited a trial court from striking a serious felony enhancement in furtherance of justice under section 1385." (*People v. Stamps* (2020) 9 Cal.5th 685, 700; see Stats. 2018, ch. 1013, §§ 1–2.)

Section 1385 only permitted the trial court to strike or dismiss the section 667(a) enhancements. (*People v. Bay* (2019) 40 Cal.App.5th 126, 139 (*Bay*).) As a leading treatise puts it, "enhancements should not be 'stayed'; they should be either imposed or stricken. [Citation.] Generally, the court has no discretion to stay an enhancement." (Couzens et al., Sentencing California Crimes (The Rutter Group 2024) § 12:12 (Couzens); see *People v. Lopez* (2004) 119 Cal.App.4th 355, 364 ["The trial court has no authority to

stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice"]; accord, *Bay*, *supra*, at p. 139.) "Rather, the only authority for staying an enhancement is California Rules of Court, rule 4.447, which applies when 'an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition. In that situation—and that situation only—the trial court can and should stay the enhancement.' " (*Bay*, *supra*, at p. 139; accord, Couzens, *supra*, § 12:12.)

Here, because it appears that the trial court intended to exercise its discretion under section 1385, and because there was no statute precluding Jones from being sentenced on the five section 667(a) enhancements, California Rules of Court, rule 4.447 does not apply. (See *Bay*, *supra*, 40 Cal.App.5th at p. 139.) As such, the trial court only had authority to either impose or strike the enhancements. Thus, we agree with the parties that the stays of the section 667(a) enhancements resulted in an unauthorized sentence.

As for the remedy, the People concede it would be appropriate to "remand with direction for the trial court to correct the improperly stayed enhancements," as Jones requests. However, "[i]n the interest of judicial economy," the People ask that we exercise our authority to "strike the five stayed section 667[(a)] enhancements and direct the trial court to correct the abstract of judgment to reflect the judgment as modified." (See § 1260 ["The court may reverse, affirm, or modify a judgment or order appealed from . . . "]; *People v. Vieira* (2005) 35 Cal.4th 264, 294 [reviewing court may exercise its authority to modify an unauthorized sentence under § 1260 and direct the trial court to issue an amended abstract of judgment reflecting the appropriate sentence]; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1473

[same]; *People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1165 [same].) Jones has not filed a reply brief and thus has not objected to the People's proposed remedy.

We thus will exercise our authority to modify the judgment. (§ 1260.) We agree with the parties' suggestion that the record indicates the trial court intended not to punish Jones for the five section 667(a) enhancements. Consequently, while we could remand for resentencing, "[t]he futility and expense of such a course militates against it," because the record reflects that the trial court would have struck the enhancements had it known it could not stay the enhancements. (*People v. Alford*, *supra*, 180 Cal.App.4th at p. 1473.) Instead, we modify the judgment by striking the five section 667(a) enhancements on counts 1, 2, and 3 that the trial court improperly stayed.

Aside from this issue, our review of the record pursuant to *Wende* has disclosed no reasonably arguable appellate issues. Competent counsel has represented Jones in this appeal.

## DISPOSITION

The judgment is modified by striking the five section 667(a) enhancements as described in this opinion. The trial court is directed to prepare a new abstract of judgment and forward a certified copy of it to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

_____
Richman, J.

We concur:


_____
Stewart, P. J.


_____
Miller, J.


*People v. Jones* (A170104)