Filed 8/4/25  P. v. Sanchez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100406 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE001945) |
| v. | |
| ANGEL PINEDA SANCHEZ, | |
| Defendant and Appellant. | |

Defendant Angel Pineda Sanchez was found guilty of numerous sex offenses against a minor and was sentenced to consecutive indeterminate terms of 15 years to life for three of those convictions, while the trial court stayed lesser determinate sentences on three other convictions that were based on the same conduct under Penal Code[1] section 654.  On appeal, this court affirmed defendant's convictions, but remanded for resentencing to consider recent legislative changes to California's sentencing laws. (*People v. Sanchez* (Feb. 10, 2023, C095235) [nonpub. opn.].)

---

[1]     Further undesignated section references are to the Penal Code.

1

Defendant appeals his resentencing. He initially argued remand was necessary for the trial court to clarify the three life terms imposed because the abstract of judgment, as written, could be construed as imposing terms of 45 years to life on each of the three indeterminate counts. The People argued (and defendant later agreed) that we may correct any alleged clerical ambiguity in the abstract of judgment by clarifying the trial court reimposed terms of 15 years to life on each of the three indeterminate counts, making remand unnecessary.

Because we have identified an unauthorized sentence error as to the three counts stayed under section 654, we shall remand the matter for the trial court to select a full term for each of those counts before staying them under section 654. Upon remand, the trial court may correct the abstract of judgment to reflect the 15 years-to-life sentences imposed on each of the three indeterminate counts.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's convictions are not relevant to the issue on appeal, and we do not recount them here. It suffices to say that in 2021 a jury found defendant guilty of 10 counts of committing a lewd and lascivious act with a child under the age of 14 (§ 288, subd. (a)) and three counts of oral copulation or sexual penetration with a child 10 years of age or younger (§ 288.7, subd. (b)). The trial court sentenced defendant to the upper term of eight years for one of the lewd and lascivious act counts (count one), and then two years each (one-third the midterm) for the remaining lewd and lascivious act counts (counts two, three, five, seven, nine, ten, eleven, twelve, and thirteen), with the sentences on counts three, five, and seven stayed under section 654 because the conduct alleged in each of those counts was duplicative of the three oral copulation or sexual penetration counts (counts four, six, and eight). For counts four, six, and eight, the court imposed consecutive terms of 15 years to life on each count. Defendant's total aggregate sentence was an indeterminate term of 45 years to life, consecutive to a 20-year determinate term.

2

In 2023, this court affirmed defendant's convictions but remanded the matter for resentencing in light of Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1), which amended section 654 and went into effect while defendant's appeal was pending. (*People v. Sanchez, supra*, C095235.) Following issuance of the remittitur, the trial court held a hearing in October 2023 to address resentencing issues.[2] The court explained that under section 654, as amended, it now had discretion to impose the lower determinate terms on counts three, five, and seven (which had previously been stayed under former section 654) rather than impose the life sentences on counts four, six, and eight. The court continued the matter to allow additional briefing from the parties.

At the continued hearing in November 2023, defendant urged the trial court to impose the lesser determinate terms on the three previously stayed lewd and lascivious act counts and stay the life terms on the oral copulation or sexual penetration counts. The People argued the court should not exercise its newly granted discretion to impose a lower term under amended section 654, but rather reduce the upper term on count one to the middle term based on subsequent changes to the proof requirements for establishing aggravating factors for upper-term sentences.

After considering the parties' arguments, the trial court reduced the eight-year upper term on count one to the midterm of six years but expressly declined to exercise its discretion to impose a lesser term on the counts subject to amended section 654. Instead, the court elected to impose the same 15-year-to-life terms on counts four, six, and eight, for a total aggregate indeterminate term of 45 years to life consecutive to a determinate term of 18 years.

---

[2] The trial court also requested a supplemental probation report to address defendant's conduct in prison since the original sentencing hearing. As relevant here, probation's supplemental memorandum recommended reimposing the same three 15-year-to-life terms.

The trial court clerk's minute order reflects that the court resentenced defendant to the midterm on count one but left the remaining components of defendant's sentence unchanged. The indeterminate section of the abstract of judgment shows defendant was convicted of counts four, six, and eight and indicates that the court imposed consecutive terms for those counts. However, rather than check Box 6 (a.) showing the trial court had imposed 15 years to life on each of those counts, the clerk checked Box 6 (c.), which states "45 years to Life on counts 4, 6, 8." Defendant timely appealed.

DISCUSSION

The parties agree, as do we, that the trial court reimposed consecutive terms of 15 years to life for each of counts four, six, and eight. By checking Box 6 (c.) on the abstract of judgment, which states "45 years to Life on counts 4, 6, 8," rather than Box 6 (a.), which provides for 15 years to life for any listed counts, the abstract of judgment could be construed as reflecting a term of 45 years to life on *each* of those three counts rather than an aggregate indeterminate term of 45 years to life for all three counts as the trial court orally imposed during the resentencing hearing

"An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) On appeal, we may correct a clerical error in an abstract of judgment that does not accurately reflect the oral judgment of the sentencing court. (*Mitchell,* at p. 185.) Accordingly, we shall direct the trial court to correct the abstract of judgment to reflect the three 15-year-to-life terms imposed for counts four, six, and eight for a total aggregate indeterminate term of 45 years to life.

Although not raised by the parties, we have also identified an unauthorized sentence error that requires correction. (*People v. King* (2022) 77 Cal.App.5th 629, 635

4

[a court with jurisdiction over the judgment may correct an unauthorized sentence at any time].)  When defendant was originally sentenced in October 2021, the trial court imposed a term of two years each (one-third the midterm) for counts three, five, and seven, but then stayed those counts under section 654.  During the resentencing hearing, the trial court reimposed the same one-third of the midterm sentences on counts three, five, and seven, and then once again stayed them under section 654.

Applying the one-third of the midterm rule of section 1170.1, subdivision (a), to the stayed counts was an error.  The one-third of the midterm rule does not apply to any counts stayed under section 654.  (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.)  When a sentence is required to be stayed under section 654, the trial court should impose a full-term sentence to ensure the "defendant's punishment is commensurate with his criminal liability" if the stay is lifted.  (*Cantrell,* at p. 1164.)

Because the terms imposed on counts three, five, and seven are unauthorized, we remand the matter for the trial court to select an appropriate full term on each of those counts, and then stay those terms under section 654.

## DISPOSITION

The sentences on counts three, five, and seven are vacated, and the matter is remanded for resentencing in accordance with this opinion. In all other respects, the judgment is affirmed. Following remand and resentencing, the trial court is directed to prepare an amended abstract of judgment that reflects the court's oral pronouncement of judgment, including that it imposed a term of 15 years to life on each of counts four, six, and eight. The trial court clerk shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

_____\s\_____,
Krause, J.

We concur:

\s\_____,
Earl, P. J.

\s\_____,
Mesiwala, J.

6