Filed 2/17/26  P. v. Train CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B341113 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA118967) |
| v. | |
| ARMANDO TRAIN, | **ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING** |
| Defendant and Appellant. | |
| | [NO CHANGE IN JUDGMENT] |

THE COURT:

Good cause appearing, the unpublished opinion in the above-entitled matter, filed on January 22, 2026, is hereby modified as follows:

On page 7 of the opinion, the only full paragraph shall be stricken and replaced with the following paragraph.

"Effective January 1, 2022, Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518)

amended section 654 by removing the requirement that a defendant be punished under the provision providing for the longest term of imprisonment and granting the trial court discretion to impose punishment under any applicable provision. (Stats. 2021, ch. 441, § 1; Pen. Code, § 654 ["An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions"].) Here, the statutory penalty for being a felon in possession of a firearm and for being a felon in possession of ammunition is identical, namely, the trial court can select a term of 16 months or two or three years. (Pen. Code, §§ 29800, subd. (a)(1), 30305, subd. (a)(1), 18.) Accordingly, there is no meaningful discretion for the court to exercise in choosing which of the two counts to stay. We will therefore modify the judgment to stay the execution of sentence for count 3. (See *People v. Bey* (2025) 108 Cal.App.5th 144, 167 [a remand for resentencing was "unnecessary because the punishment [was] the same for counts 1 and 2 and the court therefore "modif[ied] the judgment to stay the sentence on count 2 in accordance with section 654"].) We must further modify the sentence on count 3 from a consecutive one-third the midterm to a full-term concurrent sentence because "a stayed sentence cannot also be consecutive" to a principal sentence (*People v. Toure* (2015) 232 Cal.App.4th 1096, 1107) and, accordingly, must be full-term (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164). As we explain below in Part III.C., the trial court provided a detailed explanation for why it believed defendant should receive the maximum punishment and a remand therefore would be an "idle act".

2

(*People v. Flores* (2020) 9 Cal.5th 371, 431–432.)  We will therefore impose the high term on count 3 (that is, the same term as the trial court imposed on count 2) but run that sentence concurrent to the sentence on count 2 and stay its execution.  (See, e.g., *People v. Villa-Gomez* (2017) 9 Cal.App.5th 527, 530–531.)”

On page 11 of the opinion, the first sentence of the Disposition shall be modified to read:

"The judgment is modified to (1) vacate the conviction on count 4; (2) impose the high term of six years on count 3, which will run concurrent to the sentence on count 2, but execution of that sentence is stayed; and (3) reflect that defendant's sentence on count 2 is to the high term, "H" and not the middle term, "M.""

There is no change in the judgment. The petition for rehearing is denied.

_____

BAKER, Acting P. J.          MOOR, J.          KIM (D.), J.

4

Filed 1/22/26  P. v. Train CA2/5 (unmodified opinion)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B341113 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA118967) |
| v. | |
| ARMANDO TRAIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, James D. Otto, Judge.  Affirmed in part, and reversed in part.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Deepti Vaadyala, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury found defendant Armando Train guilty of one count of murder, two counts of being a felon in possession of a firearm, and one count of being a felon in possession of ammunition. The trial court sentenced defendant on each count of conviction and did not stay the sentence on any count. On appeal, defendant contends that the court improperly sentenced him on two counts of being a felon in possession of a firearm when he had only committed a single violation of that crime. He also contends that the court erred when it sentenced him for being both a felon in possession of a firearm and a felon in possession of ammunition because it should have stayed one of those sentences. We vacate defendant's conviction on one count of being a felon in possession of a firearm and stay his sentence for being a felon in possession of ammunition. We otherwise affirm the judgment.

# II. BACKGROUND

## A. *The Underlying Crimes*

On January 29, 2022, Abraham Garcia, Eduardo Alonso, and Alejandra Padilla were using drugs at an abandoned property in Long Beach, where Alonso, the murder victim, was living. Defendant appeared at the property, called for Alonso, and "claimed his hood name," stating "'This is Morro from Eastside Paramount.'" Alonso ran to the doorway and Garcia followed. Defendant then shot Alonso and ran away.

When the paramedics arrived at the crime scene, Alonso had no heartbeat. A Long Beach Police Department officer

2

collected a single spent nine-millimeter cartridge case. A medical examiner determined Alonso died from a gunshot wound to the chest, and removed a projectile from the wound.

Days later, on February 9, 2022, Long Beach Police Department homicide detectives arrested defendant, who was wearing a fanny pack. The detectives recovered a loaded firearm from inside the fanny pack. A criminalist conducted a forensic analysis on the firearm and determined it was the same weapon used to murder Alonso.

B. *Procedural History and Sentencing*

On May 29, 2024, the Los Angeles County District Attorney (District Attorney) charged defendant by information with murder (Pen. Code[1], § 187, subd. (a), count 1); being a felon in possession of a firearm on February 9, 2022 (§ 29800, subd. (a)(1), count 2); being a felon in possession of ammunition on February 9, 2022 (§ 30305, subd. (a)(1), count 3); and being a felon in possession of a firearm on January 29, 2022 (§ 29800, subd. (a)(1), count 4). The District Attorney also alleged that as to count 1, defendant personally used a firearm (§ 12022.5, subd. (a)) and as to all counts that defendant had four prior convictions, within the meaning of section 1203, subdivision (e)(4). The District Attorney also alleged that defendant had a prior serious or violent felony conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(j), 1170.12) and the existence of eight circumstances in aggravation pursuant to California Rules of Court, rule 4.421.

---

[1] All further undesignated statutory references will be to the Penal Code.

3

On June 10, 2024, a jury found defendant guilty of all counts and found true the allegation that he personally used a firearm during the commission of the murder. Following the verdicts, defendant admitted the strike prior, and the trial court found true all eight alleged circumstances in aggravation[2].

On September 18, 2024, the trial court sentenced defendant to 68 years, eight months, to life in prison, as follows: 50 years to life for count 1 (25 years to life, doubled for the strike prior); 10 years consecutive for the firearm enhancement on count 1; six years consecutive for count 2 (upper term of three years, doubled for the strike prior); and consecutive 16-month terms for each of counts 3 and 4 (one-third of the two-year midterm, doubled for the strike prior). The court stated: "I have considered the probation report, . . . defendant's conduct during the trial, his conduct during this sentencing where he showed no remorse, the fact that I found every factor in aggravation to be true as alleged . . . . [¶] This was just an unnecessary, terrible incident. And while I cannot sentence . . . defendant to life without parole since this is not a special circumstance case that carries that sentence, I will sentence him as follows . . . ." The court then imposed the maximum allowable punishment, plus various fines and fees. The court did not stay any punishment under section 654.

---

[2] Cal. Rules of Court, rule 4.421(a)(1), (a)(2), (a)(3), (b)(1), (b)(2), (b)(3), (b)(4), and (b)(5).

4

# III.  DISCUSSION

A.  *Multiple Convictions for Possession of a Firearm by a Felon (Counts 2 and 4)*

Defendant contends he was improperly punished twice in counts 2 and 4 for unlawful possession of the same firearm and requests that we vacate the sentences on these two counts and remand for resentencing so that the trial court can select which sentence to stay.

"[P]ossession of a firearm by a felon is a continuing offense." (*People v. Mason* (2014) 232 Cal.App.4th 355, 365 (*Mason*), citing *Wright v. Superior Court* (1997) 15 Cal.4th 521, 525, fn. 1, and *People v. Warren* (1940) 16 Cal.2d 103, 112.)  "'In the case of continuing offenses, only one violation occurs even though the proscribed conduct may extend over [an] indefinite period.'" (*Mason*, *supra*, 232 Cal.App.4th at p. 365.)  The crime of possession of a firearm by a felon continues for as long as the possession of the firearm continues and is not completed until the possession has ceased. (*Id.* at pp. 366–367.)  Therefore, where there is no evidence that the defendant relinquished his possession of a firearm, or that his possession was interrupted for a time, he can be convicted of only one count of that offense. (*Ibid.*)

Here, defendant was convicted of illegally possessing the firearm when he shot Alonso on January 29, 2022, and when he was arrested on February 9, 2022.  The parties do not dispute that defendant possessed the same firearm on both dates.  Further, the District Attorney did not present any evidence to show that defendant ceased his possession of that firearm at any

5

time between the murder and the arrest. On this record, we conclude that defendant can only be convicted of one count of possession of a firearm by a felon. The appropriate remedy when a defendant has been convicted twice for a single violation is to vacate one of the counts of conviction. (*Mason*, *supra*, 232 Cal.App.4th at p. 367.) We therefore vacate defendant's conviction on count 4. (See *ibid.* [defendant's crime "was not completed until the possession ceased"].)

B.    *Multiple Punishments for Possession of Firearm and Ammunition (Counts 2 and 3)*

Defendant also contends that the trial court erred when it imposed a sentence on count 2, for the unlawful possession of a firearm on February 9, 2022, and then also imposed a consecutive sentence on count 3, for the unlawful possession of the ammunition that was loaded inside that firearm on that same day. Defendant argues that the sentence violates section 654's prohibition on multiple punishments and requests that we vacate the sentences on both counts and remand for resentencing. The Attorney General concedes the error but argues that a remand is unnecessary and that this court should instead modify the judgment to stay the sentence on count 3.

Section 654 provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (*Id.*, subd. (a).) The statute "bars multiple punishment for separate offenses arising out of a single occurrence when all of the offenses were incident to one objective." (*People v. Cowan*

6

(2010) 50 Cal.4th 401, 498.) Section 654 prohibits punishment for both unlawful possession of a firearm and unlawful possession of ammunition when the only ammunition at issue was either found inside or fired from the firearm. (*People v. Broadbent* (2020) 47 Cal.App.5th 917, 922–923 (*Broadbent*); *People v. Sok* (2010) 181 Cal.App.4th 88, 100 (*Sok*); *People v. Lopez* (2004) 119 Cal.App.4th 132, 138 (*Lopez*).)

Where multiple punishments have been improperly imposed, the proper procedure is for the reviewing court to modify the sentence to stay imposition of the lesser term. (*People v. Spirlin* (2000) 81 Cal.App.4th 119, 131.) Here, the trial court should have stayed the punishment on count 3, the lesser term. (*Broadbent, supra*, 47 Cal.App.5th at pp. 922–923; *Sok, supra*, 181 Cal.App.4th at p. 100; *Lopez, supra*, 119 Cal.App.4th at p. 138.) We will therefore modify the judgment to stay the sentence on that count.

C. *Ineffective Assistance of Counsel*

Defendant next argues that we should reverse the sentence because trial counsel was constitutionally ineffective for failing to file a sentencing brief or to ask the trial court for leniency at sentencing. A criminal defendant's right to counsel includes the right to effective legal assistance. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) A defendant asserting ineffective assistance of counsel must show (1) his counsel's "performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms," and (2) "resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been

7

different." (*Ibid.*) "'[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' (*Strickland v. Washington* (1984) 466 U.S. 668, 697.)" (*People v. Carrasco* (2014) 59 Cal.4th 924, 982.)

Defendant contends that he was prejudiced by counsel's performance because the trial court had "many ways to impose something less" and trial counsel had "nothing to lose" by making a request for leniency. Defendant, however, points to no evidence in mitigation (aside from his age, which we discuss below) that trial counsel could have or should have presented to the court on his behalf. As to his age, defendant contends that trial counsel should have argued in mitigation that defendant was only 17 years old at the time of the crimes. The record, however, demonstrates that defendant was 25 years old when he committed his crimes. Defendant cannot establish ineffective assistance of counsel by merely speculating that a plea upon the mercy of the court, without offering any mitigating information, would have resulted in a lower sentence. (*People v. Medina* (1995) 11 Cal.4th 694, 773 [a claim of ineffective counsel cannot be established by speculation regarding the content of testimony from possible witnesses]; *People v. Williams* (1988) 44 Cal.3d 883, 933 ["A factual basis, not speculation, must be established before reversal of a judgment may be had on grounds of ineffective assistance of counsel"].)

Here, the trial court indicated it had reviewed the probation report, which listed no factors in mitigation and

recommended "the imposition of a high-base term." The court found all eight alleged circumstances in aggravation to be true. Defendant had a criminal history that included four prior felony convictions, one of which he admitted was a strike prior. The court observed that defendant showed a lack of remorse and remarked negatively on his conduct during the trial. Before the court sentenced defendant to the maximum term, it expressed regret that it was unable to sentence him to life without parole. Finally, the court elected to impose each sentence consecutively, rather than concurrently. On this record, defendant cannot demonstrate that any argument for leniency by trial counsel would have resulted in a more favorable outcome for him.

D.    *Restitution Fines*

We now consider whether the restitution fine and parole revocation restitution fine imposed by the trial court were mistakenly recorded on both the determinate sentencing abstract of judgment and the indeterminate sentencing abstract of judgment. The parties agree that the court imposed a single $300 restitution fine and a single additional $300 parole revocation restitution fine, which it stayed pending revocation of parole. The trial court recorded the imposition of those fines on each abstract of judgment. According to defendant, "the inclusion of the restitution fines on both [abstracts of judgment] could lead to double collection, so they should be removed from one of the two [abstracts of judgment]." We disagree. The abstracts of judgment correctly reflect that defendant was assessed a single $300 restitution fine for "Case A" and a single $300 in a parole revocation restitution fine for "Case A". Both abstracts of

judgment list a single, and correct, criminal case number as "Case A." Accordingly, the abstracts of judgment accurately reflect the court's assessment of a single restitution fine and a single parole revocation restitution fine and we need not order any modification. We will, however, order that the abstract of judgment for the determinate term on count 2 be modified to reflect that defendant was sentenced to the high term ("H"), rather than the mid-term ("M"). (*People v. Mitchell* (2001) 26 Cal.4th 181, 187.)

## IV.    DISPOSITION

The judgment is modified to (1) vacate the conviction on count 4; (2) stay the sentence on count 3; and (3) reflect that defendant's sentence on count 2 is to the high term, "H," and not the middle term, "M."  The clerk of the superior court is directed to forward a copy of the modified abstract of judgment on the determinate sentence to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

11